37500. SMITH *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED JANUARY 20, 1959.

Robertson & Gilbert, Heard Robertson, for plaintiff in error.

Clarence L. Powell, E. D. Fulcher, Fulcher, Fulcher, Hagler & Harper, contra.

NICHOLS, Judge. Since a motion for a directed verdict is a prerequisite to a motion for a judgment notwithstanding the verdict under Code (Ann.) § 110-113, where there has been no legal motion for a directed verdict a motion for a judgment notwithstanding the verdict cannot be considered. Durden v. Henderson, 212 Ga. 807, 808 (96 S. E. 2d 362); Southwind Trucking Co. v. Harvey, 96 Ga. App. 715 (1) (101 S. E. 2d 223). Accordingly, the first question for decision is whether there was a legal motion for a directed verdict made in the trial court.

"There can be no such thing as a verdict in any case until the finding agreed upon by the jury has been reduced to writing, signed by the foreman, and returned in open court." Cooper v. State, 103 Ga. 63, 65 (29 S. E. 439). "In Anthony v. Anthony, 103 Ga. 246, at p. 251 (29 S. E. 923), this court said, the meaning of the word verdict is a 'true saying.' 'A verdict is the ascertained truth to which effect is given by the judgment of the court.' Vaughan v. Cade, 2 Rich. (S.C.) 49, 52. 'A verdict is a declaration of the truth as to the matters of fact submitted to the jury.' Shenners v. West Side St. Ry. Co., 78 Wis. 382, 387 (47 N.W. 622); McBean v. State, 83 Wis. 206, 211 (53 N.W. 497). . . . 'It is a very important act. It is a culmination of the trial, and embodies the conclusions of the jury on the questions of fact litigated upon the trial.' French v. Merrill, 27 App. Div. 612 (50 N.Y. Supp. 776, 777)." Groves v. State, 162 Ga. 161, 162 (132 S. E. 769). "The word 'verdict' has a well-defined signification in law. It means the decision of a jury, and it never means the decision of a court, or a referee, or a commissioner. (See Abbott's Law Dict.; title, Verdict.) In common language the word 'verdict' is sometimes used in a more extended sense,

but in law it is always used to mean the decision of a jury; and we must suppose that the legislature intended to use the word as it is used in law." Kerner v. Petigo, 25 Kan. 652, 656.

When a court hears a case without the intervention of a jury it renders judgment based upon its determination of the facts and the law, and of course performs the duties of the jury as well as those of the court, but in such a case the court does not render a *verdict* in the legal sense of the word inasmuch as the *verdict* is the finding of the jury. In such a case the court serves as the trior of the facts as does the Workmen's Compensation Board but it cannot be said that the Workmen's Compensation Board renders a *verdict*. A request to the trial court to direct a verdict for the movant when the court is hearing the case without the intervention of a jury is no more than a request that the court find in the movant's favor. Code (Ann.) § 110-113, supra, does not make any reference to summary judgments in cases where no question is presented to the jury, and since it provided as a prerequisite to such judgments that a motion for a directed verdict should be made at the conclusion of the evidence, the only logical inference is that there was no intent to have such judgments in cases, like the one sub judice, where there would be no *verdict*. Such act provides for such motion within 30 days after the reception of the *verdict* or within 30 days after the jury is discharged before which the case was tried. Accordingly, since no *legal* motion for a directed verdict could be made in the present case it follows that the trial court did not err in denying the motion for a judgment notwithstanding the verdict which motion was necessarily not in compliance with Code (Ann.) § 110-113.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*