## 52712. BINDER v. MERCANTILE NATIONAL BANK.

McMURRAY, Judge.

This is a suit on a note by Mercantile National Bank against James L. Binder, maker of the note held by the bank.

Defendant answered, denying liability and counterclaimed for $100,000 punitive damages and $25,000 actual damages. The basis for the counterclaim was that the bank, through certain of its officers and directors, had induced defendant to borrow the money represented by the note from the bank to purchase worthless stock in a corporation, allegedly known to the bank to be worthless. He further alleged by amendment that the bank was the agent of the corporation which aided and abetted it in the sale of securities not registered under Georgia law, seeking in addition $15,000 attorney fees and a judgment voiding the transaction of the sale.

A bench trial was held and the court rendered its findings of fact and conclusions of law in favor of the plaintiff for the principal amount of the note, interest and attorney fees, denying defendant's counterclaim. Defendant appeals. *Held:*

Defendant's principal defense is that of failure of consideration in the purchase of the stock in that the bank as agent for the corporation in the sale of the worthless stock had induced him to purchase same, thereby aiding and abetting this corporation in the sale of unregistered stock in Georgia. Conceding arguendo that there was some conflicting evidence from which the court would have been authorized as trier of the facts to render judgment for the defendant, nevertheless all the evidence and every presumption and inference arising therefrom must be construed towards upholding the verdict. *American Appraisal Co. v. Whitley Const. Co.,* 126 Ga. App. 398, 399 (190 SE2d 838); *Smith v. G. M. A. C.,* 98 Ga. App. 840, 842 (107 SE2d 334). The evidence was ample to support the judgment and the findings of fact and conclusions of law made by the court even though the money was borrowed from the plaintiff for the specific purpose of purchasing the stock and the funds were

immediately transferred by check after deposit in the account of defendant to the corporation. The evidence did not demand a finding in favor of the defendant, and the court did not err in denying his counterclaim and rendering judgment for the plaintiff. See *McBowman v. Merry,* 104 Ga. App. 454, 455 (1) (122 SE2d 136); *Smith v. Merck,* 206 Ga. 361, 375 (57 SE2d 326) and cit.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1976 — DECIDED OCTOBER 4, 1976.

*Paul R. Koehler,* for appellant.
*Haas, Holland, Levison & Gibert, William R. King,* for appellee.