*Daniel L. Oliver,* for appellee.

55323. THE STATE v. WHITE.

BIRDSONG, Judge.

An accusation alleging simple assault was filed against appellee. At the call of the case, both the state's and the appellee's witnesses were present and a jury was available, although appellee specifically waived his right to a jury trial. The trial judge found as follows: "The State announced that it could not make out the case as alleged in the accusation and as set forth specifically in the affidavit supporting the same and failed and refused to proceed." The trial judge ordered the case dismissed for want of prosecution and the entry of a judgment of acquittal. Thereafter, the state filed a second accusation against appellee based upon the same material facts as the first. The trial judge dismissed the case and again entered a judgment of acquittal. The state appeals the second dismissal. *Held:*

"A prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such former prosecution (1) resulted in either a conviction or an acquittal. . ." Code Ann. § 26-507(a)(1). "The rationale behind the bar to successive prosecutions is to prevent harassment of the accused." *Keener v. State,* 238 Ga. 7, 8 (230 SE2d 846).

Inasmuch as the trial judge entered a judgment of acquittal which the state had no right to appeal (Code Ann. § 6-1001a), the appeal in this case brought by the state must be dismissed. *State v. Warren,* 133 Ga. App. 793 (213 SE2d 53).

Nothing in this case is in conflict with *White v. State,* 143 Ga. App. 315 (238 SE2d 247), where we said that jeopardy attaches in a criminal trial without a jury when the issue is joined and evidence is presented. While in this case no evidence was presented, the issue was joined and the judge entered a judgment of acquittal—a judgment which the state cannot appeal.

*Appeal dismissed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 31, 1978—DECIDED APRIL 4, 1978 —
REHEARING DENIED APRIL 25, 1978 — CERT. APPLIED FOR.

*Hinson McAuliffe, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellant.
*Moulton, Carriere, Cavan & Maloof, Bryan M. Cavan,* for appellee.