## 67854. NUNNALLY v. REVCO DISCOUNT DRUG CENTERS OF GEORGIA, INC.

McMurray, Chief Judge.

Nunnally was arrested by a security officer of Revco as she was leaving a store operated by it and charged with shoplifting. Following her acquittal on the criminal charge, plaintiff filed this action. Plaintiff's complaint states a claim predicated on allegations of false arrest, false imprisonment, malicious prosecution, assault and battery.

Following discovery defendant's motion for summary judgment was granted. Plaintiff appeals. *Held*:

1. The uncontroverted evidence is that plaintiff was observed by defendant's agent Akins "picking up a small coin purse off of the cosmetic counter, . . . place the purse in her coat pocket . . . She did not pay for the coin purse, and after she exited the store, she was stopped." Where, as in the case sub judice, only one reasonable inference can be drawn from the evidence, the trial court shall determine whether probable cause exists. *West v. Baumgartner*, 228 Ga. 671, 676 (187 SE2d 665). See also *Ayala v. Sherrer*, 135 Ga. App. 431, 434 (218 SE2d 84).

The uncontroverted evidence clearly shows the existence of probable cause for the arrest and prosecution of plaintiff. See OCGA §§ 51-7-3 and 51-7-43. *Morgan v. Mize*, 118 Ga. App. 534 (164 SE2d 565). Compare *Melton v. LaCalamito*, 158 Ga. App. 820, 823-825 (2) (282 SE2d 393). The existence of probable cause defeats plaintiff's action for false arrest and malicious prosecution. OCGA §§ 51-7-1 and 51-7-40.

2. As to plaintiff's allegation of false imprisonment, such a claim must be predicated upon the unlawful detention of plaintiff. OCGA § 51-7-20. In the case sub judice, the plaintiff was arrested by defendant's agent Akins within whose presence plaintiff appeared to have stolen the coin purse. See in this regard *Johnson v. Jackson*, 140 Ga. App. 252, 257 (2) (230 SE2d 756). An arrest (of an offender) by a private person where the offense is committed in his presence is a lawful arrest. OCGA § 17-4-60. *Walker v. State*, 144 Ga. App. 838, 839 (2) (242 SE2d 753); *Summers v. Southern Railway Co.*, 118 Ga. 174 (1), 175 (45 SE 27). Compare *Franklin v. Amerson*, 118 Ga. 860, 862 (1) (45 SE 698). No genuine issue of material fact remains as to plaintiff's claim predicated upon false imprisonment.

3. Defendant's answers to interrogatories show the only time plaintiff was touched was when "first stopped outside the store, Mr. Akins [defendant's agent] touched her arm to initiate return to the store." Plaintiff's evidence is that defendant's agent Akins "took affiant by the arm and led her to the back of the store." The affidavit of defendant's agent Akins states in regard to the circumstances of

plaintiff's arrest, "[t]hat upon confronting [plaintiff], affiant asked her to accompany him to a room at the back of store." The evidence shows that there was no use of, nor threat of excessive force. See in this regard *Mullis v. State*, 196 Ga. 569, 577-578 (4) (27 SE2d 91). A prima facie showing having been made that defendant is entitled to judgment as a matter of law, plaintiff was required to come forward with rebuttal evidence to sustain her allegations of assault and battery, but failed to do so. See *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357).

4. No genuine issue of material fact remaining in regard to any of the theories upon which plaintiff's claim was predicated, the trial court did not err in granting summary judgment in favor of defendant.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 15, 1984.

*William J. Sussman, Vernon J. Neely*, for appellant.
*John I. Harper, James W. Purcell*, for appellee.