73893. J. C. PENNEY COMPANY, INC. v. MILLER.
(354 SE2d 682)

BANKE, Presiding Judge.

This is a suit by the appellee, Patrick Tony Miller, acting by and through his next friend and mother, Mary Alice Miller, to recover damages for malicious prosecution, false imprisonment, and assault arising from his arrest for shoplifting at a store owned and operated by the appellant, J. C. Penney Company, Inc. We granted an interlocutory appeal from the denial of J. C. Penney's motion for summary judgment.

The appellee contends that he was unlawfully accosted and detained by a security guard while walking from the men's clothing department of the store to the women's clothing department wearing a hat which he had tried on in the men's clothing department and which he intended to show to his mother, who was in the women's

clothing department shopping for a dress. The appellee does not contend that excessive force was used to effect the arrest but contends that no arrest was authorized under the circumstances.

After being held for approximately 10 minutes in the store's security office, the appellee was taken by police to a juvenile detention center. A delinquency petition was subsequently filed in juvenile court charging him with shoplifting. The charge was tried before a juvenile court referee, who entered the following written findings and recommendations at the conclusion of the adjudicatory hearing: "After hearing evidence on the matter before the court, it is the findings of the referee that the petition has been sustained beyond a reasonable doubt other than a need for treatment and rehabilitation. It is the recommendation of the referee that [the case be] reset to consider the need for treatment or rehabilitation and for disposition."

At the conclusion of the subsequent dispositional hearing, the referee made the following announcement on the record: "I'm not going to require any supervision by the court for the present time . . . I will in effect allow the probation staff here to hold the case in his (sic) office . . . without me ruling whether there is or is not a need for treatment or rehabilitation. I want him to monitor his school work. I'm satisfied that the supervision is sufficient in the home at the present time. If his school work is satisfactory at the end of three months' period of time, you can write me and, upon your recommendation at the time of your writing, I will consider dismissing the petition so that he does not have a record out here. If . . . he's not behaving himself at school or not applying himself or not going like he's supposed to, then that's going to be an indication to me that maybe he does need some treatment through this court and we'll meet back in here at that time and adjudicate him to be delinquent and put him on formal probation."

Approximately three and one-half months after the dispositional hearing, the appellee's attorney requested that the petition be dismissed on the ground that the appellee had "performed well over the past 90 days" and had not "been in trouble of any kind." The referee granted this request, and the appellee contends that the resultant dismissal of the delinquency petition terminated the prosecution in his favor. *Held*:

1. At the outset, we reject the appellee's contention that the record of the juvenile court proceedings, being confidential, cannot properly be considered against him. This contention is clearly inconsistent with his reliance on the order dismissing the delinquency petition as having established a termination of the prosecution in his favor. Certainly, where a juvenile has filed a civil action which itself reveals the nature and purpose of the proceedings against him in juvenile court and has thereby raised issues which cannot properly be resolved with-

out reference to the juvenile court record, he has waived whatever right he might otherwise have had to assert the confidentiality of that record. Cf. *Federated Dept. Stores v. Kane,* 180 Ga. App. 175 (348 SE2d 718) (1986).

2. Among the essential elements of a claim for malicious prosecution are (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff. See *Ellis v. Knowles,* 90 Ga. App. 40, 42 (1) (81 SE2d 884) (1954); *Wilson v. Bonner,* 166 Ga. App. 9 (1) (303 SE2d 134) (1983). See generally OCGA §§ 51-7-40; 51-7-41. The juvenile court proceedings at issue in this case cannot reasonably be viewed as having terminated favorably to the appellee within the contemplation of these authorities, given the fact that the referee found him to be guilty of shoplifting beyond a reasonable doubt. The ultimate dismissal of the delinquency petition was obviously based solely on the referee's determination, made at the conclusion of the informal 90-day probationary period, that the appellee had demonstrated a lack of need for court-ordered treatment or rehabilitation. Such a dismissal is analogous to that which obtains when an adult criminal offender is sentenced under the provisions of the First Offender Act, OCGA § 42-8-60 et seq., and subsequently fulfills the terms of his probation. See OCGA § 42-8-62. Certainly, the juvenile court made no subsequent ruling in this case which was inconsistent with its finding that the appellee was guilty of the offense of shoplifting beyond a reasonable doubt.

Similarly, because the adjudication entered by the juvenile court constituted a finding of guilt by the ultimate factfinder in the case, it must be considered conclusive on the issue of whether the arrest was supported by probable cause. Accord *Monroe v. Sigler,* 256 Ga. 759 (4) (353 SE2d 23) (1987) (holding that the denial of a defendant's motion for directed verdict during the trial of a criminal case constitutes a binding determination of the existence of probable cause); *Hartshorne v. Smith,* 104 Ga. 235, 238 (30 SE 666) (1898) (holding that a guilty verdict which is not procured by fraud, perjury, or subornation is conclusive on the issue of probable cause even if the conviction is later set aside on appeal). See also *Davis v. Gilbert,* 67 Ga. App. 277 (19 SE2d 920) (1942).

3. OCGA § 51-7-60 provides that no recovery shall be had in an action for false arrest or false imprisonment where it is established by competent evidence "(1) [T]hat the plaintiff, at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting. . . ." This being merely a restatement of the probable cause standard (see OCGA § 51-7-42), it follows that the adjudication of guilt entered by the juvenile court also protects the appellant from liability for false imprisonment.

4. Since the appellee concedes that excessive force was not used

to effect the arrest, it follows from the foregoing that no assault was committed. We accordingly hold that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED MARCH 6, 1987.

*Malcolm C. McArthur, Barbara B. Holmes*, for appellant.
*R. David Ware, E. Marcus Davis*, for appellee.