## 76478. SEVEN HILLS SECURITY, INC. et al. v. DILLINGHAM.
(372 SE2d 1)

CARLEY, Judge.

Appellant-defendant Tim Brannon, acting on behalf of his employer, appellant-defendant Seven Hills Security, swore out a warrant for the arrest of appellee-plaintiff on a charge of criminal trespass. Appellee was prosecuted on this criminal charge. At the trial of the criminal action, appellee moved for a directed verdict of acquittal at the close of the State's evidence. The trial court denied appellee's motion. Appellee moved for a directed verdict of acquittal at the close of all the evidence. The trial court then granted appellee's motion.

Appellee subsequently brought this suit against appellants, seeking to recover for malicious prosecution. Appellants answered, denying the material allegations of the complaint. After a period of discovery, appellants moved for summary judgment. The trial court denied appellant's motion, but certified its order for immediate review. This appeal results from the grant of appellants' application for an interlocutory appeal from the trial court's denial of their motion for summary judgment.

This case is controlled by our recent decision in *Griffin v. Ga. Power Co.*, 186 Ga. App. 565, 567 (1) (367 SE2d 832) (1988), cert denied. "Since any subsequent determination as to a defendant's guilt made at the close of all of the evidence is not inconsistent with any previous determination made at the close of the State's evidence, it would necessarily follow that any finding which was implicit in the trial court's denial of [appellee's] initial motion for a directed verdict

of acquittal would not be obviated by the trial court's grant of [appellee's] second motion. Implicit in the denial of [appellee's] initial motion for a directed verdict of acquittal was the trial court's determination of the existence of probable cause for the prosecution. [Cit.] This determination is unreversed and is binding. The grant of [appellee's] subsequent motion for a directed verdict of acquittal establishes only that the criminal prosecution terminated in his favor. '(T)he existence of probable cause has been established, during the trial of the criminal case, in such manner as to preclude [appellee's] action for malicious prosecution.' [Cit.]"

*Griffin v. Ga. Power Co.*, supra, cannot be distinguished on its facts. The trial court presiding at appellee's criminal prosecution did not withhold its ruling on appellee's initial motion for a directed verdict of acquittal and then subsequently grant that motion after the close of all the evidence. Here, as in *Griffin v. Ga. Power Co.*, supra, there was a denial of the initial motion for a directed verdict of acquittal followed by the grant of a second motion, not merely the delayed grant of the initial motion. "[A] motion for a directed verdict of acquittal was made and *denied at the close of the State's evidence. A trial court* cannot choose to deny a meritorious motion for a directed verdict of acquittal made at the close of the State's case." (Emphasis in original.) *Griffin v. Ga. Power Co.*, supra at 566 (1). The evidence established, as a matter of law, the existence of probable cause for appellee's criminal prosecution. Accordingly, the trial court erred in denying appellant's motion for summary judgment as to their non-liability for the alleged malicious prosecution of appellee.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Sognier and Pope, JJ., concur. Deen, P. J., Banke, P. J., Benham and Beasley, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

I agree with the majority opinion that the instant case is controlled by this court's recent decision of *Griffin v. Ga. Power Co.*, 186 Ga. App. 565 (367 SE2d 832) (1988), in which this writer was one of the five judges constituting the majority vote. Upon further consideration of the issue presented by *Griffin* and the instant case, however, I am now convinced that the dissenting opinion in *Griffin* states the better rule.

*Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), states a hard and fast rule, i.e, denial of a motion for a directed verdict of acquittal constitutes a binding determination of the existence of probable cause. It is not inconceivable that a trial court may err in denying the motion and thereby assure the acquitted criminal defendant's failure in any subsequent action for malicious prosecution. This court cannot avoid the application of *Monroe v. Sigler* where only one motion for

directed verdict is made and denied, but we need not unnecessarily extend it to situations where two motions for directed verdict of acquittal are made, with the first motion being denied and the second being granted. As noted by the dissenting opinion in *Griffin*, extending the application of *Monroe v. Sigler* "ignores the practical realities that often attend and influence the disposition of initial motions for directed verdict in criminal cases." It also "requires no resort to transcendentalism for us to know" that sooner or later a party will avoid civil liability despite having maliciously instigated the prosecution of another. *Southern R. Co. v. Wafford*, 7 Ga. App. 652 (67 SE 831) (1910). Such a result understandably will strike some as unfair.

In the instant case, the initial denial of the motion for directed verdict of acquittal, followed by the eventual grant of the second motion, should not require a finding as a matter of law that probable cause existed. Rather, it should have no conclusive evidentiary effect in a subsequent action for malicious prosecution. Accordingly, I believe that *Griffin* should be overruled, and that the trial court's denial of the appellants' motion for summary judgment in this case should be affirmed.

I am authorized to state that Presiding Judge Banke, Judge Benham, and Judge Beasley join in this dissent.

DECIDED JUNE 29, 1988 —
REHEARING DENIED JULY 21, 1988 — 

*J. Anderson Davis, Karl M. Kothe*, for appellants.
*John E. Sawhill III, William Sparks*, for appellee.