## 76667. WARREN v. AKINS.
### (373 SE2d 802)

POPE, Judge.

Plaintiff Randy Warren was arrested when defendant John B.

Akins swore out a criminal warrant alleging Warren was guilty of theft by taking. Warren was indicted by a grand jury, tried and acquitted of the crime. Warren then brought a civil action against Akins alleging, inter alia, he was liable for malicious prosecution. Warren appeals the grant of summary judgment to Akins on the malicious prosecution claim.

1. At the trial of the criminal case, Akins testified he told Warren he would not swear out a warrant if Warren would pay Akins the money he believed he was owed. However, if Warren refused to pay the money, Akins would swear out a warrant for Warren's arrest. Warren now argues this admission establishes lack of probable cause for the criminal prosecution. The elements of the tort of malicious prosecution include both malice and lack of probable cause. OCGA § 51-7-40. Both must be shown before the plaintiff can recover. *Medoc Corp. v. Keel*, 166 Ga. App. 615 (1) (305 SE2d 134) (1983). Assuming, without deciding, that Akins' testimony showed a malicious motive for swearing out the warrant, "lack of probable cause may not be inferred from malice." *Jones v. Walker*, 167 Ga. App. 286, 287 (306 SE2d 315) (1983). See also *Kviten v. Nash*, 150 Ga. App. 589 (5) (258 SE2d 271) (1979). Thus, Akins' testimony at the criminal trial did not establish lack of probable cause so as to defeat the motion for summary judgment.

2. At the trial of the criminal case, Warren's motion for directed verdict of acquittal was denied. Denial of a motion for directed verdict of acquittal, because it requires an implicit finding that sufficient evidence exists from which a jury could find the defendant to be guilty beyond a reasonable doubt, constitutes a binding determination of the existence of probable cause to bring the criminal action. *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987); see also *Allen v. Montgomery Ward & Co.*, 186 Ga. App. 337 (367 SE2d 120) (1988). According to the Supreme Court in *Monroe,* the denial of directed verdict by the criminal trial court, "unreversed and in the absence of fraud or corruption," should suffice to establish the existence of probable cause. 256 Ga. at 761. In the case at hand, Warren was acquitted by the jury and did not appeal the case. Warren argues the denial of directed verdict in this case should not be binding because it was not reviewed on appeal and may have been erroneous. However, the underlying criminal action in the *Monroe* opinion was also not appealed for the same reason. The holding in *Monroe* does not require the denial of directed verdict to be affirmed upon appeal; it merely requires the criminal court's ruling on the motion to be "unreversed."

However, *Monroe* set forth a second exception to the rule that the denial of a motion for acquittal is a binding determination on the issue of probable cause: the criminal court's ruling on the motion may not be binding if there exists evidence of fraud or corruption. If, for

example, the defendant in a malicious prosecution action had falsely testified in the underlying criminal action, his testimony, though false and fraudulent, would be sufficient to defeat the defendant's motion for directed verdict and to require the issue of defendant's guilt or innocence to be determined by the jury. Would the denial of defendant's motion insulate a perjurious witness from a claim for malicious prosecution? Pursuant to the rule announced in *Monroe*, the denial of defendant's motion would not preclude the defendant from bringing an action for malicious prosecution if he can show the denial was procured by a fraud upon the court by reason of false testimony.

In the case at hand, Warren alleged not only that Akins charged him with a crime without probable cause but also that he *falsely* charged him and prosecuted him through the jury trial. As the movant for summary judgment, Akins had the burden of piercing all allegations of the complaint. No evidence was presented from which the lower court could determine that false statements had not been made by Akins either in swearing out the warrant or in trial testimony. Thus, a question of fact remains for jury determination concerning Warren's allegation that Akins falsely accused him or falsely testified against him. However, if the statements and testimony given by Akins are shown not to be false or fraudulent, then the issue of probable cause based upon that testimony has already been determined in favor of Akins by the ruling of the criminal court.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED SEPTEMBER 29, 1988

*William J. Neville, Jr., Lovett Bennett, Jr.*, for appellant.
*Gerald M. Edenfield, Marc M. Bruce, Michael J. Classens*, for appellee.