76623. STOVER et al v. ATCHLEY.
(374 SE2d 775)

BANKE, Presiding Judge.

The appellee sued the appellants (his grandson and the grandson's wife) to recover damages for conversion and battery. Evidence was presented at trial from which it could be inferred that the appellants had converted the appellee's funds to their own personal use after being entrusted with his financial affairs and, in addition, that the appellant grandson had violently attacked the appellee on one occasion. The jury awarded the appellee $32,700 as compensatory damages and $50,000 as punitive damages for the conversion, as well as $25,000 as compensatory damages and $50,000 as punitive damages for the battery. The appellants bring this appeal from the denial of their motion for new trial. *Held*:

1. The appellants contend that the appellee was not entitled to recover punitive damages on his conversion claim. We disagree. As a general rule, "[w]here a plaintiff pleads and proves actual pecuniary loss for which he or she seeks compensatory damages, and the tort complained of is of such an aggravated nature to warrant a charge on punitive damages [cit.], it is permissible for the jury to award both compensatory damages for the injury done and additional or punitive damages. . . ." *Woodbury v. Whitmire*, 246 Ga. 349, 351 (271 SE2d 491) (1980). Pursuant to this standard, the jury was authorized to award punitive damages for the conversion.

2. The appellant grandson asserts that the awards of $25,000 as compensatory damages and $50,000 as punitive damages for the battery were both excessive and duplicative. The testimony concerning the physical altercation revealed that the grandson had choked the appellee, spit upon him, and thrown him against a wall while exclaiming, "die old man, damn it, die." There was evidence that the appellee had suffered cuts and bruises on his neck as a result of the attack; however, there was no evidence that he had sustained any hos-

pital or medical expenses or suffered any other type of pecuniary loss as a consequence of the attack.

Generally, "any unlawful touching is a physical injury to the person and is actionable." *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 672 (347 SE2d 619) (1986). Moreover, "[t]he law infers bodily pain and suffering from personal injury," *Cochran v. Lynch*, 126 Ga. App. 866, 868 (192 SE2d 165) (1972), and " 'general damages' . . . are said to include . . . the bodily suffering endured." *County of Bibb v. Ham*, 110 Ga. 340, 341 (35 SE 656) (1899).

The trial court charged the jury on general, special, nominal, and punitive damages and further charged on pain and suffering as an element of general damages. The only guideline for awarding damages for pain and suffering is the enlightened conscience of an impartial jury. See *Wayco Enterprises v. Crews*, 155 Ga. App. 775 (272 SE2d 745) (1980); OCGA § 51-12-12. If the award is not so flagrant as to "shock the conscience," it will not be disturbed on appeal. See *Central of Ga. R. Co. v. Nash*, 150 Ga. App. 68 (1) (256 SE2d 619) (1979). See also *Kiker v. Davis*, 103 Ga. App. 289 (1) (118 SE2d 861) (1961).

In the present case, the jury was authorized to find that the appellee had suffered physical injuries as the result of a violent, physical attack by the appellant. "Thus, '(i)n the absence of any showing of actual bias . . ., we cannot say that the verdict returned by the jury in this case, and approved by the trial judge, is so excessive as a matter of law as to justify the inference of . . . bias.' [Cit.] *Simpson v. Reed*, 186 Ga. App. 297, 300 (367 SE2d 563) (1988). Accord *Brown v. Svc. Coach Lines*, 71 Ga. App. 437 (1) (31 SE2d 236) (1944).

3. The appellant's contention that the award of punitive damages for the battery constituted an impermissible double recovery must also fail. OCGA § 51-12-5 authorizes an award of punitive damages in addition to compensatory damages where there exist "aggravating circumstances." It has been held that such damages are recoverable only where the defendant's "actions showed wilful misconduct . . . or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). See *Rossville Apts. Co. v. Britton*, 178 Ga. App. 194 (1) (342 SE2d 504) (1986). See also *Dempsey Bros. Dairies v. Blalock*, 173 Ga. App. 7 (1) (325 SE2d 410) (1984). Obviously, the evidence introduced in this case with respect to the battery was sufficient to authorize the jury to conclude that the appellant was guilty of wilful misconduct. It follows that an award of punitive damages was authorized.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 6, 1988 —
REHEARING DENIED OCTOBER 31, 1988 —

*Dwight T. Feemster*, for appellants.
*Thomas R. Herndon*, for appellee.