## 46319. AKINS v. WARREN.
(375 SE2d 605)

GREGORY, Justice.

This court granted certiorari to review the holding of the Court of Appeals announced in Division 2 of *Warren v. Akins*, 188 Ga. App. 602 (373 SE2d 802) (1988). We reverse, not because of any difference we have with the rule of substantive law stated there, but because we hold the procedural rules of summary judgment law were misapplied.

Akins accused Warren of taking property from him while serving as his employee and prosecuted him in superior court for the crime of theft by taking. At the close of the State's case Warren moved for a directed verdict of acquittal. The motion was denied and the case went to the jury which acquitted Warren.

Then Warren sued Akins for malicious prosecution. He alleged Akins prosecuted the criminal action falsely, maliciously and without probable cause. Akins filed a motion for summary judgment supported by evidence of the denial of the motion for directed verdict of acquittal in the criminal trial. Relying on our decision in *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), the trial court granted summary judgment to Akins. The Court of Appeals reversed.

1. One has a civil cause of action or claim where a criminal prosecution was carried on maliciously and without any probable cause resulting in damage to the plaintiff. OCGA § 51-7-40. If it is shown

there *was* probable cause for the criminal prosecution the civil action for malicious prosecution fails.

In this case Warren sufficiently pleaded a claim for malicious prosecution and in doing so he alleged, as he must have done, that the criminal prosecution by Akins was without probable cause. He also met the requirement of alleging malice but this is not at issue here. Then he went a step further than is required adding an allegation that Akins charged him "falsely" in the criminal case.

2. In *Monroe*, supra, this court laid down the rule that probable cause is established when a trial judge denies a motion for directed verdict of acquittal in a criminal prosecution after hearing the state's evidence. However, this can be overcome by proving the order denying the motion was procured by use of fraud or corruption.

Both parties and the Court of Appeals' opinion agree with the above observations. Where we differ with the opinion of the Court of Appeals is in the application of these rules in the summary judgment procedure.

3. The Court of Appeals reasoned that the summary judgment motion failed to completely pierce the pleadings of the complaint because Warren alleged Akins proceeded falsely in the criminal action. The opinion reasons he may be able to show at trial, for instance, that Akins perjured himself thus putting false evidence before the trial judge and causing a denial of a motion for directed verdict. We hold this puts an additional and improper burden on the movant for summary judgment.

Warren alleged in his complaint there was an absence of probable cause for the criminal prosecution. This is a necessary element in his claim. Akins offered evidence on motion for summary judgment to pierce that allegation when he showed the denial of the motion for directed verdict in the criminal case. The burden then shifted to Warren to offer counter evidence and generate a genuine issue of fact whether probable cause existed. He could have done this with evidence, if he had any, of perjured testimony delivered by Akins during the criminal trial of such a nature as to constitute the perpetration of a fraud upon the court; or with evidence of other conduct by Akins amounting to an intentional corruption of the criminal trial. (Example: The prosecuting witness bribes the judge to deny the motion for directed verdict of acquittal.) In the absence of any such evidence, as required by *Monroe*, summary judgment for Akins was proper.

It is true that Warren alleged Akins acted falsely but that allegation was not an element necessary to his claim. It does not alter the duty to come forward with evidence on summary judgment. The contention of Warren that Akins was only trying to recover a debt through the use of criminal prosecution was presented in the criminal case during cross-examination and heard by the trial judge before the

denial of the motion for directed verdict.
*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 2, 1989 —
RECONSIDERATION DENIED FEBRUARY 23, 1989.

*Edenfield, Stone & Cox, Gerald M. Edenfield, Susan W. Cox,* for appellant.
*Calloway, Neville & Brinson, Lovett Bennett, William J. Neville, Jr.,* for appellee.