## A89A1001. THE STATE v. FLY.
(387 SE2d 347)

BEASLEY, Judge.

As a preliminary matter, appellee's motion to dismiss the appeal is denied inasmuch as the appellant's brief was filed on March 13, the last day permitted.

Defendant was charged with the offense of criminal trespass. OCGA § 16-7-21. The court found as fact that he was arraigned and pled not guilty on January 6, 1989, although the prosecuting officer did not physically enter the arraignment and plea on the accusation as he or she was mandated to do pursuant to OCGA § 17-7-96. The case was set for bench trial on January 9, at which time the State announced that it was not prepared to proceed. Defendant sought dismissal of the charge, which was denied.

A continuance in effect was granted to the State and the case was reset for trial on January 18. Again the State announced it was not ready to proceed. No reason appears in the record. Defendant announced "ready" and again requested that the charge be dismissed. The court did not grant this request and instead instructed "that is-

sue be joined," which we take to mean that the prosecuting attorney complete the written record which had not been done as required on January 6. The State's counsel refused to do so on the ground that it was not prepared to go forward with the trial.

The court regarded the issue as having been joined and the case as ripe for trial, and there being no evidence presented by the State, which had the burden to present its evidence then, the court entered an acquittal. The State appealed on the ground that acquittal was precluded because issue had not been joined and the court heard no evidence.

1. Issue was joined when defendant pleaded not guilty at arraignment. OCGA § 17-7-94; *Bryans v. State*, 34 Ga. 323 (1866); *Hardwick v. State*, 231 Ga. 181, 183 (6) (200 SE2d 728) (1973); *Waller v. State*, 251 Ga. 124, 127 (5) (303 SE2d 437) (1983), reversed on other grounds, 467 U. S. 39 (1984). By formally denying the charge, his plea formed the issue of whether he was or was not guilty of the charge. The prosecutor's initial failure to record it and later refusal to do so did not avoid the issue being joined *de jure*. Otherwise the State could avoid ad infinitum the trial of the case no matter how many times it was set, and this would frustrate the purposes of OCGA §§ 17-8-33; 17-8-21; and 17-8-22. It is the clerk's recordation on the minutes which controls, OCGA § 17-7-94. We assume this was done, as the court did not order it accomplished as provided by OCGA § 17-7-97, before proceeding with the trial. In addition, " '[t]here is a presumption of law that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown. (Cit.)' [Cit.]" *Sapp v. State*, 184 Ga. App. 527, 529 (4) (362 SE2d 406) (1987).

2. As for the absence of evidence, the State-cited authority, *State v. Cooperman*, 147 Ga. App. 556 (249 SE2d 358) (1978) is not on point. Issue had not been joined, and there was no opportunity for the State to present evidence. Here the State had no evidence ready to present when the trial commenced. The court was not compelled to grant another continuance, which was not even sought by the State; the governing statutory provisions actually weighed against it.

Public policy is that the accused be tried in the same term at which the accusation is made, unless a material witness is absent or the principles of justice require continuance. OCGA § 17-8-33. There is nothing in the record to indicate the reason for the State's unpreparedness. Continuance is not to be granted to the State "except upon a reasonable showing therefor." OCGA § 17-8-21. See also OCGA § 17-8-22. The court had little alternative but to acquit defendant in this bench trial, in order to enforce the aforestated statutory scheme which, together with OCGA §§ 17-7-170 and 17-7-171, favors the early trial of criminal cases and energizes the state consti-

tutional right to a speedy trial. Ga. Const. 1983, Art. I, Sec. I, Par. XI (a).

There having been an acquittal, the State had no right to appeal, OCGA § 5-7-1, and the appeal must be dismissed. *State v. White*, 145 Ga. App. 730 (244 SE2d 579) (1978).

*Appeal dismissed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 25, 1989 —
REHEARING DENIED OCTOBER 16, 1989 —

*James L. Webb, Solicitor, Helen A. Roan, Lee O'Brien, Assistant Solicitors*, for appellant.

*Nica J. Hersch*, for appellee.