A89A1391. HAILE et al. v. PITTMAN et al.

(389 SE2d 564)

CARLEY, Chief Judge.

After an altercation with appellee-defendants, appellant-plaintiffs were arrested and charged with criminal trespass. A bench trial was held. At the close of the State's evidence, appellants moved for a judgment of acquittal. See *State v. White,* 145 Ga. App. 730 (244 SE2d 579) (1978). The motion was denied. At the close of all of the evidence, appellants were found not guilty.

After their acquittal on the criminal charges, appellants filed the instant civil action against appellees. Appellants alleged claims of malicious prosecution, false imprisonment and battery. Appellees answered, denying the material allegations of the complaint, and subsequently moved for summary judgment. The trial court granted summary judgment in favor of appellees and appellants appeal.

1. *Monroe v. Sigler,* 256 Ga. 759, 760-61 (4, 6) (353 SE2d 23) (1987) is controlling as to appellants' malicious prosecution claims. "The standard employed in the trial judge's ruling on a motion for judgment of acquittal is thrice removed, it might be said, from probable cause — as 'beyond a reasonable doubt' is more than 'clear and convincing evidence,' which is more than 'preponderance of the evidence,' which, in turn, is more than mere 'probable cause.' When the trial judge, having heard all of the [S]tate's evidence, considers a motion on behalf of an accused (the accused being present and given an opportunity to be heard in support of the motion); and when the trial judge rules that the evidence is sufficient *as a matter of law* to support a conviction (that is, is sufficient to enable a rational trier of fact[, that being the trial court in this case,] to find each and every element of the guilt of the accused beyond a reasonable doubt), we can see no reason why such a holding — unreversed and in the absence of fraud or corruption — should not suffice as to the existence of probable cause. [Cit.]" (Emphasis in original.) *Monroe v. Sigler,* supra at 761 (6). See also *Warren v. Akins,* 188 Ga. App. 602, 603 (2) (373 SE2d 802) (1988), rev'd on other grounds, 258 Ga. 853 (375 SE2d 605) (1989); *Seven Hills Security, Inc. v. Dillingham,* 188 Ga. App. 1, 2 (372 SE2d 1) (1988); *Griffin v. Ga. Power Co.,* 186 Ga. App. 565, 566

(1) (367 SE2d 832) (1988). " 'This determination is unreversed and is binding. . . . "[T]he existence of probable cause has been established, during the trial of the criminal case, in such manner, as to preclude [appellants'] action for malicious prosecution." [Cit.]' " *Seven Hills Security, Inc. v. Dillingham,* supra at 2.

2. *Monroe v. Sigler,* supra, is not controlling as to appellants' false imprisonment claims. " 'False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty.' OCGA § 51-7-20. In an action to recover damages for illegal arrest or false imprisonment the only essential elements are the arrest or detention and the unlawfulness thereof. [Cit.] Thus, . . . the mere existence of probable cause standing alone has no real defensive bearing on the issue of liability. [Cit.]" *Scott Housing Systems, Inc. v. Hickox,* 174 Ga. App. 23, 24 (1) (329 SE2d 154) (1985). "This is true because probable cause to believe that a crime has been committed may otherwise exist and a warrantless arrest yet be illegal. . . . [T]he defendant in a false imprisonment case premised upon a warrantless arrest does not meet his defensive burden merely by demonstrating the existence of probable cause but he must go further and show that the arrest was also effectuated pursuant to one of the 'exigent circumstances' enumerated in OCGA § 17-4-20 (a) [or § 17-4-60]. [Cit.]" *Collins v. Sadlo,* 167 Ga. App. 317, 318-19 (306 SE2d 390) (1983). See *Scott Housing Systems, Inc. v. Hickox,* supra at 24-25 (1).

However, the undisputed evidence of record in the present case shows that appellees met their burden. Appellants were "arrested by [appellees'] agent [, an off-duty police officer who was working as a security guard,] within whose presence [appellants] appeared to have [committed criminal trespass]. [Cit.] An arrest (of an offender) by a private person [or a law enforcement officer] where the offense is committed in his presence is a lawful arrest. [Cits.] No genuine issue of material fact remains as to [appellants'] claim[s] predicated upon false imprisonment." *Nunnally v. Revco Discount Drug Centers of Ga., Inc.,* 170 Ga. App. 320 (2) (316 SE2d 608) (1984).

3. " 'In the interest of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable [as a battery].' [Cits.]" *Newsome v. Cooper-Wiss, Inc.,* 179 Ga. App. 670, 672 (1) (347 SE2d 619) (1986). See also *Stover v. Atchley,* 189 Ga. App. 56, 57 (2) (374 SE2d 775) (1988); *Greenfield v. Colonial Stores, Inc.,* 110 Ga. App. 572 (1a) (139 SE2d 403) (1964). The evidence shows that appellants were "touched" only in connection with their arrests. Accordingly, unless a genuine issue of material fact remains as to the unlawfulness of such touchings, the grant of summary judgment as to appellants' battery claims was proper.

As to the arrests of appellants by appellees' security guard, not

only has probable cause been established, but also "[t]he evidence shows that there was no use of, nor threat of excessive force. [Cit.] A prima facie showing having been made that [appellees were] entitled to judgment as a matter of law, [appellants were] required to come forward with rebuttal evidence to sustain [their] allegations of . . . battery, but failed to do so. [Cit.]" *Nunnally v. Revco Discount Drug Centers òf Ga., Inc.*, supra at 321 (3). See also *J. C. Penney Co., Inc. v. Miller*, 182 Ga. App. 64, 66 (4) (354 SE2d 682) (1987).

Appellees cannot be held liable for the actions of the on-duty policemen who formally arrested appellants. The on-duty policemen were not appellees' agents. They were the official agents of the State. A private citizen's mere request that an arrest be made does not render an on-duty policeman the citizen's agent. The requisite control of the officer's actions by the private citizen is not present. Cf. *Brunson v. Valley Coaches, Inc.*, 173 Ga. App. 667, 668 (1) (327 SE2d 758) (1985); *Red Top Cab Co., Inc. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814) (1974).

4. Because no genuine issue of material fact remains as to any of appellants' claims, the trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent and would hold that, on the state of the record at this stage, plaintiffs are entitled to a trial.

1. *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987) is not controlling in the circumstances of this litigation on the claim of malicious prosecution. One of the elements of this cause of action is that the criminal prosecution by defendant was without probable cause. OCGA § 51-7-40; *J. C. Penney Co., Inc. v. Miller*, 182 Ga. App. 64, 66 (2) (354 SE2d 682) (1987). As quoted in *Monroe*, supra at 760, plaintiff must show " 'that under the facts as they appeared to the prosecutor at the time of the prosecution, . . . the defendant . . . could have no reasonable grounds for believing the plaintiff to be guilty of the charge brought.' " OCGA § 51-7-43 defines it: "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." The Code section goes on to instruct: "Lack of probable cause shall be a question for the jury, under the direction of the court."

In *Monroe*, the Supreme Court answered affirmatively "whether a judicial determination of probable cause made in the course of a criminal prosecution can establish, as a matter of law and for pur-

poses of summary judgment, the existence of probable cause in the civil action for malicious prosecution." According to the Supreme Court's analysis, the reason the judicial determination serves to negate a later civil claim of lack of probable cause is that if a judge considers the evidence sufficient to support a jury's conclusion of guilt beyond a reasonable doubt, it certainly reaches the lesser quantum needed to support probable cause. In the civil context, reasonable men and women on the jury would have to decide whether the preponderating evidence is that a reasonable man or woman under the circumstances of the case before them could have had, at the time of the prosecution, no reasonable grounds for believing plaintiffs to be guilty of the criminal charge brought. *Monroe*, supra at 760. In *Monroe*, the significance of the action of the trial court was buttressed by the separate determinations of two magistrates, a factor absent here.

In the instant case, the trials for criminal trespass (knowingly and without authority remaining on the premises of another after notice to depart, OCGA § 16-7-21 (b) (3)) were before the court without a jury. Thus there was no proper motion for directed verdict, as the law does not provide for such in a bench trial because a verdict is the decision of a jury. *Smith v. General Motors Acceptance Corp.*, 98 Ga. App. 840, 841-842 (107 SE2d 334) (1959); see *American Appraisal Co. v. Whitley Construction Co.*, 126 Ga. App. 398, 399 (190 SE2d 838) (1972). Only since 1971 has the law of Georgia again recognized motions for directed verdict in criminal cases. Ga. L. 1971, p. 460 (OCGA § 17-9-1, as amended Ga. L. 1982, p. 3). It was in demise for a period prior to that. See *Pritchard v. State*, 224 Ga. 776, 779 (2) (164 SE2d 808) (1968); *Allen v. State*, 228 Ga. 859, 860 (2) (188 SE2d 793) (1972). The appeal in *State v. White*, 145 Ga. App. 730 (244 SE2d 579) (1978), cited by the majority, was dismissed inasmuch as the state has no right to appeal from a judgment of acquittal which, rightly or wrongly, the trial court had entered because the state failed and refused to put on any evidence.

Nor could the motion have been treated as a motion for involuntary dismissal so as to have accomplished the defendants' goal in what was a jury-less trial, because the law provides for such only in civil cases. OCGA § 9-11-41 (b); *State v. Cooperman*, 147 Ga. App. 556, 558 (2) (249 SE2d 358) (1978).

The legally noncognizable motion would be "no more than a request that the court find in the movant's favor," *Smith*, supra at 842. In a criminal case this would properly be done by choosing not to put up any evidence after the State rested. The judgment would then be based both on the law and the facts, *American Appraisal Co.*, supra at 399, whereas the verdict is only " 'a declaration of the truth as to the matters of fact submitted to the jury.' " *Smith*, supra at 841.

There is no mechanism for the defendant to test the sufficiency of the State's evidence in a criminal bench trial before electing whether to submit defense evidence.

The question remains whether the *Monroe* rationale applies to the criminal trial judge's action in this case. That is, was his so-called denial of acquittal on motion after the State's evidence was presented based on a judicial determination that the evidence was sufficient to support a finding of guilt beyond a reasonable doubt? The answer is "no."

The focus of the argument and the court's explanation related to the elements of criminal trespass as it had been charged. The court was uncertain, because of the lack of legal precedent, whether the two movie patrons who were in the theater with their purchased tickets, which tickets contained no express reservation of right to eject, had a legal right to remain despite the owner's demand that they leave because of conduct which allegedly occurred before entry. It was asserted that they broke in line outside the theater.

The court noted that they were not charged with entering after receiving notice that entry was forbidden, which is prohibited by subsection (2), but only with violation of subsection (3). The court indicated that if the patrons had a legal right to remain, they obviously could not be guilty of criminal trespass for refusing to leave.

Thus it was the unresolved legal question of whether the contract to see the movie on the premises, which contract was evidenced by the movie tickets, gave the patrons the right to refuse to obey the demand that they depart, which prompted the court to deny the motion for acquittal. The denial of the motion, then, does not conclusively establish that there was a judicial determination that the movie theater owner and employee had probable cause to believe, at the time they prosecuted, that the patrons had committed criminal trespass when they refused to depart. The court acknowledged its uncertainty concerning whether criminal trespass was precluded as a matter of law because of the tickets and that part of the evidence which was undisputed, so there was no foundation upon which a firm determination of sufficient evidence to support a finding of guilt or even probable cause could be made.

This crucial distinction differs this case from even the logic of *Monroe v. Sigler* and further makes its rule inapplicable. The judge could not have concluded that there was sufficient evidence "to enable a rational trier of fact to find *each and every* element of the guilt of the accused beyond a reasonable doubt," *Griffin v. Georgia Power Co.*, 186 Ga. App. 565, 566 (1) (367 SE2d 832) (1988), because he was unsure of the legal ramifications of the accused trespassers' contract.

As to the other elements, the civil case defendants concede that the criminal prosecution was ultimately terminated in plaintiffs'

favor, and there was some evidence of malice as that is set out in *Melton v. LaCalamito*, 158 Ga. App. 820 (282 SE2d 393) (1981). The criminal trial judge even commented on the courtroom demeanor of the theater's agent and had to express his dissatisfaction with his conduct during trial.

2. There being questions of fact and law regarding whether plaintiffs had committed criminal trespass when they were arrested in the theater and handcuffed with their hands behind their backs and thereby restrained, summary judgment is premature on the claim of false imprisonment. OCGA § 51-7-20. Defendants have not shown as a matter of law, by undisputed facts, that it was lawful to detain the patrons from viewing the movie and arrest them. This is their burden. OCGA § 9-11-56; *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673 (307 SE2d 134) (1983).

3. It has not been established as a matter of law that there was no unlawful touching which would be actionable as a battery. *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 672 (1) (347 SE2d 619) (1986). The security guard frisked the male patron, led him by the arm, and handcuffed him as well as his pregnant wife. Whether this was justified touching or the use of excessive force is a jury question. See *Thompson v. Shelverton*, 131 Ga. 714 (63 SE 220) (1908).

4. There being no reference to record or transcript pages indicating that appellees raised, or the court ruled on, a statute of limitation defense, see Rule 15 (c) (3), the parties' final arguments present nothing for this court to rule on.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Jeffrey G. Casurella*, for appellants.

*R. Chris Irwin & Associates, R. Chris Irwin, Leslie H. Claxton*, for appellees.