A89A1893. ATLANTIC ZAYRE, INC. v. MEEKS.

(390 SE2d 398)

DEEN, Presiding Judge.

Appellee Steve Meeks, a juvenile, and his slightly older brother were shopping for fishing lures. Having purchased approximately $5 worth at a K-mart, they proceeded to a nearby Zayre's store to compare the merchandise. Parking their old truck in the store's parking lot, they took the K-mart lures from the paper bags in which K-mart check-out personnel had placed them, put the lures into their pockets, and entered Zayre's. While examining Zayre's fishing lures appellee took a K-mart lure from his pocket and, after holding it up for comparison with the Zayre's item, returned the former to his pocket. Shortly thereafter the boys left the store.

A Zayre's security guard, who was not wearing a uniform, observed the boys' activities and, thinking that it was Zayre's merchandise that was being pocketed, pursued the boys out the front door and ordered Steve to stop. Not immediately recognizing that the man was a guard, and not aware of having done anything improper or illegal, Steve at first would not cooperate with the guard. Testimony was presented regarding an exchange of blows and imprecations, during which, *inter alia*, Steve came to realize that he was suspected of shoplifting; at which time, by the guard's own admission, Steve told him that his K-mart receipts were in his nearby truck.

The guard continued to berate the boy and took him to a room at the rear of the store, where Steve again told him of the receipts and asked him to send someone for them. Although the receipts were subsequently obtained, Steve was nevertheless arrested for shoplifting and battery; he was acquitted by the juvenile court. Meeks' father filed a tort action against Zayre's; ultimately, only the claim for malicious prosecution was pursued. A jury awarded $75,000 in actual damages and $175,000 in punitive damages. After denial of motions for j.n.o.v. and new trial, Zayre's appealed from this verdict and judgment.

Appellant Zayre enumerates as error (1) the trial court's charging the jury on malicious prosecution; (2), (6) the court's admitting evidence of Zayre's "worldly circumstances," including its annual reports; (3) the court's permitting questions on voir dire regarding the prospective jurors' willingness to award "specific amounts of damages"; (5) the court's admitting evidence that Zayre did not promulgate rules for employees' conduct; and (4) the verdict was excessive as

a matter of law. *Held*:

1. Zayre alleges that a suit for malicious prosecution will not lie unless certain elements are present: (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff. *J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 66 (354 SE2d 682) (1987). This is a correct statement of the law. See OCGA § 51-7-40; *Smith v. Embry*, 103 Ga. App. 375 (119 SE2d 45) (1961). Appellant further contends that Meeks' malicious prosecution action was improper because in the underlying criminal action there was a binding determination of probable cause. In so contending appellant relies on *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987). In *Sigler* an adult was arrested on certain charges and, after a preliminary hearing in which the presiding magistrate found probable cause for his arrest, he was bound over to the grand jury. At trial defense counsel moved for a directed verdict of acquittal at the close of the State's evidence; the court denied the motion, and defendant was subsequently acquitted. In the appeal from the judgment in the malicious prosecution action which ensued, the Supreme Court held that the denial of a motion for directed verdict of acquittal, made at the close of the State's evidence, constitutes a binding determination that there was probable cause for the prosecution of the criminal charges, and that the malicious prosecution action was therefore unjustified.

In *J. C. Penney v. Miller*, supra, the *Sigler* holding was applied to the case of a juvenile who was arrested for shoplifting and found by the juvenile court referee to be "guilty of the offense of shoplifting beyond a reasonable doubt." Id. at 66. On appellate review of the malicious prosecution action, this court found that, even though the petition had ultimately been dismissed for reasons not germane to the issues in the instant case, "[t]he juvenile court proceedings . . . cannot reasonably be viewed as having terminated favorably" to the juvenile, as contemplated under the third prong of the requisites for a viable malicious prosecution claim, cited supra. Id.

In the instant case, unlike *Miller*, there was no adjudication of "delinquent" in the juvenile court. Moreover, because the juvenile proceeding is totally other than and distinct from a criminal proceeding, *T. L. T. v. State*, 133 Ga. App. 895 (212 SE2d 650) (1975), there is a real question as to whether the denial of a directed verdict for acquittal in a *juvenile* case, as distinguished from a criminal case, can be held to fall under the rubric of *Sigler*, especially where, as in the case *sub judice*, the juvenile was *not* adjudicated delinquent by the juvenile court. Bearing in mind this crucial distinction between the posture of the accused juvenile in *Miller* and in the instant case, we find neither *Sigler* nor *Miller* to be controlling in — or even significantly in conflict with — our determination in the instant case.

In *Atlantic Zayre v. Williams*, 172 Ga. App. 43 (322 SE2d 83)

(1984), plaintiff/appellee was stopped as he left a Zayre's store because a security guard had seen in his rear pocket an item which he had brought in to exchange. After learning the price of the replacement item from the cashier, he decided not to make the exchange, laid the replacement on a shelf beside the cash register, paid for some unrelated items, and left the store with the original item in his pocket. He had not brought his original receipt with him, and store personnel refused to accept his explanation, despite the fact that it "checked out" in all other respects. Plaintiff/appellee dropped the charge in court a week later.

In *Williams* this court, citing *Melton v. LaCalamito*, 158 Ga. App. 820, 823-824 (282 SE2d 393) (1981), held: " 'In actions for malicious prosecution, the question is, not whether the plaintiff was guilty, but whether the defendant had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of the defendant a *reasonable* belief that there was probable cause for the prosecution [cit.] . . . The evidence in this case raised a jury question as to whether a reasonably prudent person would have made further inquiry before prosecuting [cit.].' " In *Melton*, supra, in which the person who brought the malicious prosecution action had been unable to prove that certain disputed items belonged to him rather than to the firm with which he was dealing, the court cited Prosser, Law of Torts, § 119 at 842 (4th ed. 1971): as to the reasonableness of the defendant's deciding to proceed with the criminal prosecution, "[a]ll such factors as . . . the availability of further information and the difficulty of obtaining it, . . . [the] opportunity [of the accused] to offer an explanation, and the apparent necessity of prompt action, are to be considered in determining whether it was reasonable to act without verification . . . ," cited in *Melton*, at 824. See also *Colonial Stores v. Fishel*, 160 Ga. App. 739 (288 SE2d 21) (1981). In the instant case further information was available (i.e., whether there actually were K-mart receipts in the truck); the boy attempted over and over to give an explanation and to fetch the receipts, but was not permitted to do either; and there was no evidence of the need for prompt action when the culprit was an unarmed 14-year-old.

Moreover, in determining the existence *vel non* of malice and of probable cause, Georgia law makes a distinction between a prosecution in which the one who has summoned law enforcement officers "merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, . . . [and one in which the accuser's] persuasion was the determining factor in inducing the officer's decision" to prosecute. Prosser, supra at 837; cited in *Melton*, supra at 822. The record in the instant case shows that the security guard — persisting in turning a deaf ear to appellee Meeks, his brother, and others — consulted by telephone with a company

official and then authorized the police officer who had responded to his call to proceed with the prosecution. It is clear from the record that in the instant case it was appellant Zayre, not law enforcement officials, who decided to prosecute.

Appellant's first enumeration is without merit.

2. In his second and sixth enumerations appellant avers that the trial court erred in admitting evidence of Zayre's "worldly circumstances," including its annual reports. In his fourth enumeration, he alleges that the verdict ($75,000 in actual damages and $175,000 in punitives) was excessive as a matter of law. We shall address these related enumerations together.

OCGA § 51-7-47 provides: "Recovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case." *Melton v. LaCalamito*, supra at 825. The measure of damages in such cases is the enlightened conscience of impartial jurors. *Coleman v. Allen*, 79 Ga. 637 (5 SE 204) (1887). See OCGA §§ 51-12-5; 51-12-6. Punitive damages are allowed where the defendant's act was influenced by malicious motives and was without probable cause. *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (70 SE2d 734) (1952). It is the general rule that evidence of the parties' worldly circumstances is inadmissible. *Northwestern Univ. v. Crisp*, 211 Ga. 636 (88 SE2d 26) (1955); *Weathers v. Cowan*, 176 Ga. App. 19 (335 SE2d 392) (1985). The reverse is true, however, in malicious prosecution cases, and the jury is constrained, in determining damages, to weigh worldly circumstances along with other relevant considerations. *Coleman v. Allen*, supra; *Medoc Corp. v. Keel*, 166 Ga. App. 615 (305 SE2d 134) (1983). Applying these criteria to the instant case, we find that the trial court did not err in admitting the challenged evidence, in charging the jury that worldly circumstances should be considered, or in permitting the verdict to stand. OCGA § 51-12-12.

3. Appellant assigns error to the trial court's permitting appellee's counsel, over objection, to question prospective jurors as to whether they would hesitate to award a sum as large as $600,000 should it be warranted by the evidence. In a similar situation in *Atlanta Joint Terminals v. Knight*, 98 Ga. App. 482 (106 SE2d 417) (1958), the court held at 489 that such questions were proper because they "sought to probe the jurors' minds for prejudice in an abstract sense." In *Waters v. State*, 248 Ga. 355 (283 SE2d 238) (1981), the Supreme Court, relying on *Knight*, held at 363 that "hypothetical voir dire questions are not per se improper," in that voir dire "should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. [Cits.] . . . [S]ince the distinction between questions which ask jurors how they would decide

issues . . . and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' [Cit.]." We find no abuse of discretion in the instant case. The third enumeration is therefore without merit.

4. Appellant's remaining enumeration assigns error to the court's admitting evidence regarding the training of Zayre's employees. Our examination of the trial transcript reveals that, although defense counsel objected to certain specific questions asked regarding this matter, he made no objection to the line of questioning as a whole. He therefore waived his right to raise this issue on appeal. *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345 (370 SE2d 201) (1988). Even if, arguendo, there was some reason that this evidence should have been excluded, appellant has not affirmatively alleged, much less shown, that any prejudice accrued to him as a result of the admission of this evidence. If error at all, it would be at worst harmless error, and therefore no ground for reversal of the judgment below.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1990 —
REHEARING DENIED JANUARY 19, 1990 — 

*Greene, Buckley, Derieux & Jones, John D. Jones, Margaret L. Milroy, Steven J. Misner*, for appellant.
*Long & Vincenzi, John A. Vincenzi, Nick Long*, for appellee.