WILLIE E. CROSBY *vs*. CHARLES H. HILL.

Cumberland. Opinion July 19, 1922.

*There is no common law lien for storage of an automobile, where the possession of the automobile is the result of a special contract. There is a common law lien for repairs on an automobile, unaffected by R. S., Chap. 96, Secs. 56 and 57, but such lien may be destroyed by mingling a lien claim with a non lien claim and demanding payment of both before releasing the property.*

In the instant case the Holmes' note was not valid except as between the parties thereto, but this fact is not controlling, and is not essential except as giving the payee the right to sue.

The defendant did have a common law lien for repairs, which was not superseded or destroyed by the provisions of R. S., Chap. 96, Secs. 56 and 57. No new right is created by said sections. A new and additional remedy is created, and may be used by those persons, who, for their own reasons, do not wish to employ the remedy now provided by R. S., Chap. 96, Sec. 67 et seq.

The defendant mingled his lien claim and his non lien claim, and would not release the car without payment of both.   In so doing he destroyed his right to detain the property, and relieved the plaintiff of the necessity of offering to pay the claim for repairs.   The law does not require the useless act of tendering a part which the defendant says he will not receive.

On exceptions.   This is an action of replevin to recover possession of an automobile.   Defendant pleaded the general issue and title under a brief statement.   The action was brought in the Northern Cumberland Municipal Court, where it was tried and judgment rendered for defendant, and plaintiff took an appeal to the Superior Court of Cumberland County, where it was tried at the October Term, 1921, before the presiding Justice without a jury and judgment rendered for the plaintiff.   The defendant requested certain rulings which were refused by the presiding Justice and defendant excepted. Defendant also excepted to certain rulings made by the presiding Justice.   Exceptions overruled.

The case is fully stated in the opinion.

*Ralph M. Ingalls and D. Eugene Chaplin*, for plaintiff.

*Edgar F. Corliss*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, JJ.

HANSON, J.   This is an action of replevin, commenced in the Northern Cumberland Municipal Court, which came to the Superior Court for the County of Cumberland on appeal by plaintiff.   The case was heard by the Justice of that court without the intervention of a jury.

The defendant filed a plea of the general issue, and by brief statement sets up title to the property in himself.

The presiding Justice found for the plaintiff, and the case is before the Law Court on defendant's exceptions.

The facts found by the sitting Justice are as follows:—

"On the thirteenth day of July, A. D. 1920, the plaintiff, Willie E. Crosby, was the owner of a certain motor vehicle, described in the writ, perhaps by way of euphemism, as 'one five passenger touring automobile of Ford make.'

"On that day he sold the car to one Harry Chaplin, receiving in payment therefor a certain amount in cash and a Holmes' note, in

the usual form, for one hundred and fifty dollars. This note was recorded August 2, A. D. 1920, in the office of the Town Clerk of Bridgton, Maine, but Chaplin, the maker of the note, was not at that time a resident of Bridgton.

"The defendant, Charles H. Hill, is and was at the time, the owner and proprietor of a garage in Harrison, Maine, and does a general garage business, including the operation of a repair shop for automobiles, and in addition thereto, makes a practice of storing automobiles, so far as the capacity of his premises may admit, for such owners as may from time to time have occasion to ask that their automobiles be stored, for longer or shorter periods. I do not understand that this latter phase of the business is conducted in any different manner or on any different basis from what it is by practically every similar garage in the State of Maine. The defendant does not in any other sense than above recited hold himself out as a warehouseman; nor does he keep separate books of account or volunteer the statutory formalities incident to the business of a warehouseman.

"At some time, after the sale of the automobile above recited, Chaplin, the purchaser, took it to the garage of the defendant and ordered certain repairs done upon it, which were done and which consisted in the furnishing of labor and materials by the defendant. After the repairs were completed, Chaplin, not being in funds for the payment of the bill, consented that the car should remain in the defendant's garage and promised that he, the said Chaplin, would pay the defendant reasonable storage thereon until such time as he might find himself able to pay the charges for the repairs.

"The defendant did, accordingly, retain the car in his garage for a period of about five months, at which time the plaintiff, still in possession of his unpaid Holmes' note, which stipulated that the automobile remain his property until paid for, went to the defendant, informed him thereof, and demanded possession of the car, which demand was refused, the defendant then informing him of his bill for repairs and storage and making claim of a lien therefor. Whereupon this action was commenced.

"At the time of the commencement of the action the defendant had taken no steps, in accordance with the provisions of Sections 56 and 57 of Chapter 96 of the Revised Statutes to perfect his lien."

The defendant's attorney requested the presiding Justice to rule as to matters of law as follows:—

1. That the Holmes' note not being recorded in the town in which the purchaser resided at the time of the purchase, it was not valid except as between the plaintiff and Harry Chaplin.

2. That the defendant has a common law lien for storage of said automobile prior to the commencement of this action.

3. That the lien of the defendant on this automobile is sufficient to maintain a defense under the pleadings of the defendant.

4. That before this action was commenced, payment or tender of payment of said lien of the defendant was an essential prerequisite to the plaintiff's maintaining this action.

5. That Chap. 96, Secs. 56 and 57, of the R. S., do not supersede and destroy the common law lien.

The presiding Justice declined to rule as requested in each instance and the defendant excepted.

The Justice presiding ruled as follows:—

(1) · "That, whether or not at the time of completing the repairs upon the automobile the defendant might have lawfully claimed and had a lien upon the automobile therefor, the lapse of five months thereafter, without his taking any steps to perfect a lien, operated to invalidate and extinguish any such lien.

(2) "That, since the contract made between the defendant and Chaplin for the storage of the car was merely that it should be stored and storage paid, and not that there should be a lien for storage, no such lien accrued.

(3) "That no such title in the defendant existed by virtue of any lien, either for repairs, or for storage, as would support the defense herein set up."

The sections of the statute relied upon by the plaintiff read as follows:

"Sec. 56. Whoever performs labor by himself or his employees in manufacturing, or repairing the ironwork or woodwork of wagons, carts, sleighs, and other vehicles, by direction or consent of the owner thereof, shall have a lien on such vehicle for his reasonable charges for said labor and for materials used in performing said labor, which takes precedence of all other claims and incumbrances on said vehicles, not made to secure a similar lien, and may be enforced by attachment at any time within ninety days after the labor is performed and

not afterwards, provided, that a claim for such lien is duly filed as required in the following section; said lien, however, shall be dissolved if said property has actually changed ownership prior to such filing."

"Sec. 57. The lien mentioned in the preceding section shall be dissolved unless the claimant within thirty days after the labor is performed, files in the office of the clerk of the town in which the owner of such vehicle resides, a true statement of the amount due him for such labor and materials, with all just credits given, together with a description of the vehicle manufactured or repairs sufficiently accurate to identify it and the name of the owner, if known, which shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf, and recorded in a book kept for that purpose by the clerk, who is entitled to the same fees therefor as for recording mortgages. No inaccuracy in such statement relating to said property, if the same can be reasonably recognized, or in stating the amount due for labor or materials invalidates the proceedings, unless it appears that the person making it wilfully claims more than his due."

The exceptions involved were argued ably and at length by counsel on each side of the case. The points raised, and necessary for a solution of the contentions of the parties are summarized and decided as follows:—

*Held:*

1. The Holmes' note was not valid except as between the parties thereto, but this fact is not controlling, and is not essential except as giving the payee the right to sue.

2. The defendant had no common law or other lien for storage. According to the facts found by the sitting Justice, that, "after the repairs were completed, Chaplin, not being in funds for the payment of the bill, consented that the car should remain in the defendant's garage and promised that he, the said Chaplin, would pay the defendant reasonable storage thereon until such time as he might find himself able to pay the charges for repairs," the rights of the parties were governed by the special contract.

In such circumstances there could be no lien. *Lewis* vs. *Gray,* 109 Maine, 128. 39 L. R. A. (N. S.) 1164.

3. The defendant did have a common law lien for repairs, which was not superseded or destroyed by the provisions of R. S., Chap.

96, Secs. 56 and 57, *supra.* No new right is created by said sections. A new and additional remedy is created, and may be used by those persons, who, for their own reasons, do not wish to employ the remedy now provided by R. S., Chap. 96, Sec. 67 et seq.

4. But in the instant case the defendant mingled his lien claim and his non lien claim, and would not release the car without payment of both. In so doing he destroyed his right to detain the property, and relieved the plaintiff of the necessity of offering to pay the claim for repairs. In the circumstances the plaintiff had the right to take the defendant at his word, that he would not deliver the car without payment of both charges. The law does not require the useless act of tendering a part which the defendant says he will not receive.

5. The plaintiff, the true owner, therefore had a right to replevin his car. It is unnecessary to discuss the other exceptions, or pleadings.

The entry will be,

*Exceptions overruled.*