WEST ALLIS INDUSTRIAL LOAN COMPANY, Respondent, vs.
STARK, Appellant.

*November 8—December 4, 1928.*

For the appellant the cause was submitted on the brief of *Brennan, Lucas & McDonough* of Milwaukee.

*Francis W. Rausch* of West Allis, for the respondent.

STEVENS, J.  (1) Prior to the passage of ch. 266, Laws of 1917, defendant's lien for his entire bill for the repairs of the automobile would have been superior to plaintiff's claim under its chattel mortgage. *Jesse A. Smith Auto Co. v. Kaestner,* 164 Wis. 205, 207, 159 N. W. 738.

By amending sec. 289.41 of. the Statutes in 1917 so as to provide that a mechanic's lien shall have priority only to the extent of $75, the legislature has so defined defendant's right to a lien for repairs, whether given by the common law or by statute, that he cannot have priority over plaintiff's claim under its chattel mortgage for any sum in excess of $75.

Sec. 289.47 of the Statutes gives the defendant no lien for the repairs which defendant made on the automobile, because the repair parts ceased to be "detached" accessories, fittings or parts after they had been attached to the automobile. The lien given by this statute is limited to the "detached accessory, fitting or part" on which work is done and does not extend the lien to the whole automobile.

(2) There is no statute giving a lien for towing the damaged automobile to the garage for the purpose of repairing the same. Towing service is not a part of the repairs. It adds nothing to the value of the automobile. The common-law lien for repairs is based upon the fact that the repairs enhanced the value of the damaged automobile. A mechanic who makes repairs upon a damaged automobile is not entitled to a lien "for 'going after and bringing in the car,'

so that he might repair it." *Orr v. Jackson Jitney Car Co.* 115 Miss. 140, 75 South. 945, 946, 947; *Crosby v. Hill,* 121 Me. 432, 117 Atl. 585, 586.

(3) In all cases where a garage keeper is not a warehouseman, the common law gives him no lien for storage. 17 Ruling Case Law, p. 603. A garage keeper who retains possession of a repaired automobile until his bill for repairs is paid has no common-law lien for storage. *Crosby v. Hill,* 121 Me. 432, 117 Atl. 585, 586.

"The garage is the modern substitute for the ancient livery stable, and it was always the common law that the livery-stable keeper had no lien. . . . As the livery-stable keeper did not come within the common law, neither does the garage keeper." *Smith v. O'Brien,* 46 Misc. 325, 94 N. Y. Supp. 673, 674–675.

Appellant does not come within the rule of the common law, which permitted a lien for repairs upon personal property. "Liens for repairs were allowed at common law upon the theory that an additional value was imported thereto. Preservation of automobiles by storage is quite different from value added by the skill of the artisan in making repairs thereon." *A. G. Graben Motor Co. v. Brown Garage Co.* 197 Iowa, 453, 195 N. W. 752, 753.

Neither is appellant entitled to a lien for storage under sec. 289.43 of the Statutes. Before a garage keeper can enforce a lien for storage under this statute he must establish that he has "posted in some conspicuous place a card, stating the charges for storing the aforesaid automobile, the same to be easily read at a distance of fifteen feet by any person entering the aforesaid garage by entrances." There is no proof that the sign which the defendant testified that he posted complied with the requirements of this statute. It follows that he has not established his right to maintain a lien for storage.

*By the Court.*—Judgment affirmed.