## 65623. ALLIANCE TRANSPORTATION, INC. v. MAYER.

BANKE, Judge.

This appeal follows a jury verdict for the plaintiff in a suit to recover damages for the defendant storage company's failure to return property which the plaintiff had stored in defendant's warehouse. The jury awarded the plaintiff $500 in compensatory damages and $5,000 in exemplary damages. The defendant's sole contention on appeal is that the evidence establishes at most the breach of a bailment contract and that exemplary damages are

consequently not authorized. See OCGA § 13-6-10 (Code Ann. § 20-1405). The plaintiff, on the other hand, contends that the verdict was based on tortious conversion of property. *Held:*

Assuming arguendo that the plaintiff's cause of action was one in tort rather than contract, we find the award of exemplary damages unsupported by the evidence. "In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." OCGA § 51-12-5 (Code Ann. § 105-2002). "[O]rdinarily the question of imposition of punitive damages is for the jury. However, the controlling question . . . is whether there was any evidence to support [such an award] . . . Absent wilful misconduct, malice, fraud, wantonness or oppression, there can be no recovery of punitive damages." *Moon v. Ga. Power Co.,* 127 Ga. App. 524, 527 (194 SE2d 348) (1972). The evidence in this case showed merely that the plaintiff's property was mistakenly mingled with a shipment destined for another state and that when the mistake was, discovered, the defendant took steps to return the property to Atlanta. "Mere negligence, although gross, will not alone authorize the recovery of punitive damages." *Co-op Cab Co. v. Arnold,* 106 Ga. App. 160, 164 (126 SE2d 689) (1962); also see *BLI Const. Co. v. Debari,* 135 Ga. App. 299 (2) (217 SE2d 426) (1976); *Delta Air Lines v. Isaacs,* 141 Ga. App. 209 (233 SE2d 212) (1977). The judgment is affirmed with direction that the award of punitive damages is stricken.

*Judgment affirmed with direction. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1983.

*Robert C. Semler, David F. Root,* for appellant.
*William F. Rucker,* for appellee.