68394. DEMPSEY BROTHERS DAIRIES, INC. v. BLALOCK.
(325 SE2d 410)

BENHAM, Judge.

Appellee was a route deliveryman for appellant dairy company from April 1979 until February 1981, when he left the company to accept other employment. Appellant refused to give appellee his final paychecks, totaling $253.57 in salary and commissions, alleging he owed the company over $2,800 in inventory shortages accumulated between April 1980 and his resignation date. Appellant also retained the $100 cash bond it required each route deliveryman to pay upon beginning employment. When appellee sought to obtain his pay, appellant responded by sending a creditor demand letter showing his earnings and bond money had been credited to the alleged shortage, leaving an outstanding balance of $2,573.25. Appellant followed this demand letter with a notice resembling legal process, although no lawsuit had been filed. Appellant also issued two checks payable to appellee for his salary and commission, sent appellee the check stubs, retained the checks, endorsed them, and deposited them in its own bank account.

Appellee filed suit against the company alleging, inter alia, fraudulent conversion of his funds. He sought $600 actual damages, $25,000 punitive damages, and attorney fees. Appellant counterclaimed for the alleged $2,573.25 shortage. The jury found in appellee's favor, and awarded $323.57 actual damages, $7,500 punitive damages, and $3,300 attorney fees. The jury denied appellant recovery on its counterclaim.

Appellant's motions for judgment notwithstanding the verdict and for new trial having been denied, it brings this appeal, raising three enumerations of error.

1. In its first two enumerations of error, appellant claims that there was not sufficient evidence for the issue of punitive damages to be presented to the jury. We disagree.

OCGA § 51-12-5 provides for jury awards of exemplary (punitive) damages in tort actions when aggravating circumstances occur in either the act or the intention. " 'To authorize the imposition of [such] damages there must be evidence of wilful misconduct, malice, fraud, wantonness or oppression, or that entire want of care which would

raise the presumption of a conscious indifference to consequences.' [Cits.]" *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188 (1) (232 SE2d 62) (1977). If the tort is committed through mistake, ignorance or mere negligence, damages are limited to actual injury. *Molton v. Commercial Credit Corp.*, 127 Ga. App. 390 (4) (193 SE2d 629) (1972). Punitive damages are given only as additional damages to deter the wrongdoer from repeating the trespass (*Kilgore v. Nat. Life &c. Ins. Co.*, 110 Ga. App. 280 (1) (138 SE2d 397) (1964)), and the amount of damages required to deter future acts necessarily depends on the facts of each particular case. *Sizemore Sec. Intl. v. Lee*, 161 Ga. App. 332 (3) (287 SE2d 782) (1982). " '(O)rdinarily the question of imposition of punitive damages is for the jury. However, the controlling question . . . is whether there was any evidence to support such an award.' " *Alliance Transp. v. Mayer*, 165 Ga. App. 344 (301 SE2d 290) (1983).

There was evidence that appellant had a practice of retaining the $100 cash bond it required route deliverymen to pay and that inventory shortages were charged to appellee even when the company substituted other personnel to run appellee's route. On one occasion appellant arbitrarily deducted $50 from one of appellee's earlier paychecks without notice to him, because of alleged shortages, even though the computer inventory records on which appellant based its claim were inaccurate and routinely had to be corrected. At one point appellant's records showed appellee had an *overage* of $1,900, but appellant claimed that that was an error. When asked whether appellee would have been given a $1,900 bonus had he chosen to resign at that time, appellant's witness said no, because "he wouldn't have the documentation that [appellant] owed him that." Yet appellant used the same source of documentation to claim that appellee owed it $2,800.

Assuming arguendo that appellant had a good-faith belief it was owed money, its methods of effecting recoupment were clearly not in good faith. Appellant went much further than mere refusal to pay a claim. The issuing of pseudo-legal documents and endorsing and depositing checks payable to appellee without his permission evinced wilful misconduct and fraud.

The evidence was sufficient to allow the jury to consider the issue of punitive damages, and the trial court did not err in failing to direct a verdict in appellant's favor on the issue.

2. Appellee's complaint contained a claim for relief under the Fair Labor Standards Act, 29 USCA § 201 et seq., which requires the payment of minimum wages to employees. Appellant filed a motion to dismiss that claim, arguing and citing authority for the proposition that when an employer withholds wages because he suspects the employee has misappropriated funds, the Act does not apply. The trial court denied the motion, but appellee took a voluntary dismissal of

the claim before trial.

Appellant now argues that the Fair Labor Standards Act was and is appellee's exclusive remedy, since appellee's cause of action was based on the wrongful withholding of his wages. Appellant asserts that the trial court erred in allowing the case to be tried without considering the Act. We disagree.

The Fair Labor Standards Act provides redress for employees against employers who fail to pay minimum wages. 29 USCA § 216 (b). We find nothing in the Act that precludes appellee from exercising his state statutory right to proceed against appellant for the tortious conversion of his wages and employment bond. Moreover, appellee was entitled to take a voluntary dismissal of his claim pursuant to OCGA § 9-11-41 (a) since his dismissal did not affect appellant's existing counterclaim.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 10, 1984 — 

*John H. Moore, Y. Kevin Williams*, for appellant.
*Clifford H. Hardwick, D. Ruth Primm*, for appellee.