## 69449. SPANO v. SWOGER.
### (325 SE2d 890)

Pope, Judge.

On January 28, 1980 appellant Nicholas P. Spano traded to Donald Hancock a lifetime membership in his health spa plus $20 for an 18K gold men's black sapphire ring. At the time of the trade Spano also received a certified appraisal made in the name of appellee Peggy Swoger showing the value of the ring to be $2,100. The appraisal was dated some five months earlier. Spano had Hancock write "Sold to Nick Spano" on the appraisal and then date it. Hancock was accompanied by Peggy Swoger's son Kenneth who had taken the ring without Mrs. Swoger's knowledge. Upon discovering Kenneth had taken the ring, Mrs. Swoger tracked the ring to Spano. A couple of days after the ring was traded to Spano, Mrs. Swoger confronted him at his office, showed him the original appraisal of the ring listing her as owner and demanded that he return the ring. Spano refused, telling Mrs. Swoger that he had already sold the ring when in fact he had not. In February a demand letter was sent to Spano by Mrs. Swoger's attorney. Spano testified that he threw the letter away unopened. Spano later claimed that the ring was stolen in a subsequent burglary. A jury returned a verdict for $2,100 in compensatory and $750 in punitive damages in favor of Mrs. Swoger. Spano's sole enumeration of error is that the trial court erred in denying his motion for directed verdict regarding punitive damages. *Held*:

We find the evidence sufficient to withstand a motion for a directed verdict. Spano argues that, at worst, his conduct in trading for the ring was grossly negligent, but that this conduct did not evince the willfulness or wantonness contemplated by the many cases interpreting OCGA § 51-12-5. However, the evidence shows not only this conduct, but also Spano's deliberately deceiving Mrs. Swoger about his possession of the ring. This evidence was sufficient to submit the issue to the jury. Cf. *Alliance Transp., Inc. v. Mayer*, 165 Ga. App. 344 (301 SE2d 290) (1983) (plaintiff's property mistakenly mingled with a shipment going out-of-state; when the mistake was discovered, defendant took steps to return the property; held: conduct not sufficient to support punitive damages award).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 11, 1985.

*William Alexander Byars, Vance Pinter*, for appellant.
*James A. Elkins, Jr.*, for appellee.