A89A2005. STOLLE CORPORATION v. McMAHON et al.
(393 SE2d 52)

COOPER, Judge.

Appellant brought suit against Rockdale Aluminum Company ("Rockdale") and one of its partners alleging conversion of twenty-one checks made payable jointly to appellant and Rockdale. OCGA § 11-3-419. Rockdale failed to answer the complaint and went into default. Subsequently, appellant added appellee bank as a defendant. Defendant McMahon filed for bankruptcy and the action is stayed as to him. The case was tried before a jury and resulted in a verdict for the bank. Appellant contends on appeal that the trial court erred in denying its motions for directed verdict, judgment notwithstanding

the verdict and new trial and in granting appellee's motion for directed verdict.

Rockdale, an aluminum siding contractor, purchased materials from appellant on credit. Appellant, Rockdale, and several general contractors agreed that on those contracts where Rockdale performed the work and appellant supplied the materials, payment would be made by check to Rockdale and appellant as joint payees for materials and labor. Rockdale accepted the checks and delivered them to the appellant where they were first applied to the cost of materials for the current contract. The proceeds were applied to Rockdale's past due account balance with appellant. Without appellant's authorization, Rockdale deposited twenty-one jointly payable checks into its account with appellee. Twenty of the checks bore no endorsement by the appellant. One check was allegedly forged. Appellant seeks to recover from the bank the full value of the checks, specifically $68,237.87, and punitive damages.

At the conclusion of appellant's case, the trial court granted appellee's motion for directed verdict as to punitive damages and, at the conclusion of the trial, granted appellant's motion for directed verdict as to appellee's liability in accepting the checks for deposit, but denied appellant's motion regarding the affirmative defenses of commercial reasonableness and appellant's damages. Following the entry of judgment on the verdict, appellant moved for j.n.o.v. or, in the alternative, a new trial. The trial court ruled that it should have granted the directed verdict on the issue of commercial reasonableness during the trial, however, it denied j.n.o.v. and a new trial finding the evidence sufficient to support the affirmative defense regarding appellant's damages.

1. Appellant contends in its first enumerated error, that the trial court erred in failing to grant a new trial in view of its ruling that a directed verdict should have been granted as to appellee's affirmative defense of commercial reasonableness. "[T]he true rule [in determining commercial reasonableness] is whether a reasonable man in accordance with reasonable commercial standards would be put on notice of some impropriety appearing either from the form of the instrument and its endorsements or from knowledge of facts outside the instrument itself." *Trust Co. of Ga. Bank of Savannah v. Port Terminal &c. Co.*, 153 Ga. App. 735, 740 (266 SE2d 254) (1980). Applying the facts adduced at trial to this standard, the trial court found that the checks were sufficient on their face to alert the bank that they were invalid. Because they were clearly made out to both the appellant and Rockdale, the endorsements of both were required. The court held that the bank's failure to examine the checks precluded their reliance on commercial reasonableness as a defense, as a matter of law; therefore, the motion for directed verdict on this issue as to the checks

which bore no endorsement by appellant should have been granted at the close of all the evidence.

Appellant contends, however, that by allowing the jury to consider commercial reasonableness, the trial court authorized the jury to return a verdict for the bank even if it found for appellant as to its damages. Two possible scenarios explain the verdict in this case. If the jury determined appellant was damaged to the full extent of the face value of the checks and also found the bank's actions commercially reasonable, then appellant would only recover the amount of the proceeds at the time of trial remaining in the bank, which in this case was nothing. *Thornton & Co. v. Gwinnett Bank &c. Co.*, 151 Ga. App. 641 (4) (260 SE2d 765) (1979). Alternatively, the jury could also have found that appellant did not carry its burden as to damages. When the verdict was published, the foreman stated, "We, the jury, find for the defendant . . . ." It is impossible to determine from that pronouncement whether the jury concluded that the bank's actions were reasonable or that appellant sustained no damages. We conclude, therefore, that the trial court erred in allowing the jury to consider the issue of commercial reasonableness as to the checks which bore no endorsement by appellant and that appellant is entitled to a new trial.

The trial court did not specifically address the forged check in its ruling, and we find it requires separate treatment. The evidence demonstrates that the bank did not examine the check when it was presented for deposit, and we are unable to conclude, as a matter of law, that had the bank done so, it would have discovered endorsements " 'so irregular on their face' as to raise questions as to their validity." *Trust Co. of Ga. Bank of Savannah v. Port Terminal,* supra at 740. This court has declined "to adopt a rule which would make the mere failure to check the validity of ostensibly valid endorsements on third party checks commercially unreasonable as a matter of law." Id. Had the bank examined the check, it would have discovered that the alleged corporate endorsement was hand printed and the endorsement of appellant's employee was misspelled ("Bonnie Cahoon," instead of Bonnie Cohoon). These endorsements may not be sufficiently irregular on their face and whether or not they are is a matter for the jury. *Thornton & Co. v. Gwinnett Bank &c. Co.,* supra at 648. Therefore, appellee is not precluded as a matter of law from asserting the defense of commercial reasonableness with regard to this particular check.

2. In view of our holding in Division 1, appellant's second enumeration of error need not be addressed.

3. In its third enumerated error, appellant contends the trial court erred in not directing a verdict and in not granting a judgment notwithstanding the verdict or new trial as to appellee's affirmative

defense regarding actual damages sustained by appellant. In view of the trial court's ruling on liability, appellant was presumptively damaged in the full amount of the full value of the checks. The bank could overcome the presumption by demonstrating that despite its mishandling of the checks, the actual proceeds reached the appellant and those proceeds were credited toward Rockdale's outstanding balance. See *Thornton,* supra at 646. We find no merit in appellant's contention that the bank presented no evidence in support of this defense. A review of the record reveals sufficient testimonial and documentary evidence to support a jury finding that appellant received the proceeds and, therefore, sustained no actual damage.

A trial court's ruling on a motion for directed verdict or judgment notwithstanding the verdict shall not be disturbed if supported by "any evidence." Moreover, in the case of the latter motion, the evidence must be viewed in the light most supportive of the jury's verdict. *United Fed. Savings &c. Assn. v. Connell,* 166 Ga. App. 329 (1) (304 SE2d 131) (1983). Applying these standards to the record of this case, we find no error in the court's denial of appellant's motions.

4. In view of our ruling in Division 1, appellant's fourth enumeration of error need not be addressed.

5. Appellant contends in its fifth enumerated error that the trial court erred in granting appellee's directed verdict as to punitive damages. We disagree. OCGA § 51-12-5 authorizes an award of punitive damages where there are "aggravating circumstances, in either the act or the intention. . . ." " '(O)rdinarily the question of imposition of punitive damages is one for the jury. However, the controlling question . . . is whether there was any evidence to support (such an award). . . . Absent wilful misconduct, malice, fraud, wantonness or oppression, there can be no recovery of punitive damages.' [Cit.]" *Alliance Transp. v. Mayer,* 165 Ga. App. 344, 345 (301 SE2d 290) (1983). The evidence in this case indicates that the bank's conduct would not meet any of the criteria listed above. " 'Mere negligence, although gross, will not alone authorize the recovery of punitive damages.' [Cit.]" Id. Accordingly, the trial court did not err in granting a directed verdict on punitive damages.

*Judgment reversed in part with direction, affirmed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 30, 1990.

*Richard J. Dreger,* for appellant.
*Arnall, Golden & Gregory, Charles L. Gregory, Karen S. Riddell,*

for appellees.

