A91A1930. LINGO et al. v. BRASINGTON.
(415 SE2d 534)

COOPER, Judge.

This case arises from a wrongful death action brought by appellants, the parents of the deceased. The car in which the deceased was

riding as a passenger was travelling southbound on a two-lane highway and collided with a truck that was stopped in the southbound lane. Appellee was the driver of a car travelling north in the northbound lane. The driver of the car carrying the deceased contended that he could not drive around the stopped truck because appellee had stopped to talk to the driver of the stopped truck, thereby blocking the roadway. Appellants sued appellee for the wrongful death of their child, alleging his negligence in blocking the roadway, and a jury returned a verdict for appellee. Appellants appeal, raising as their sole enumeration of error the trial court's instruction to the jury on sudden emergency.

" ' "The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. (Cit.) The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. (Cits.)" [Cit.] "An emergency is a 'sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributed not to lack of care but to lack of time to assess the situation.' (Cit.)" . . . [Cit.]' [Cits.]" *Kelly v. Adams*, 197 Ga. App. 574 (2) (398 SE2d 848) (1990). Appellee testified that as he was proceeding northbound, he saw the truck stopped in the southbound lane; that as he approached the stopped truck, he slowed down but did not stop; that as he slowed down he saw the other car heading south behind the stopped truck and he realized this was a bad situation; that he decided to accelerate forward beyond the stopped truck; that as he accelerated, the crash occurred. We do not agree with appellant that appellee's actions created the emergency situation. There is evidence that appellee, who was responding to a situation resulting from the stopped truck, was faced with his own emergency. Seeing the southbound car behind the stopped truck, appellee had to make a decision and he testified that he decided to proceed forward. Based on the testimony presented at trial, the court did not err in charging the jury on sudden emergency. "Where there is evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. [Cit.]" *Foskey v. Williams Bros. Trucking Co.*, 197 Ga. App. 715 (3) (399 SE2d 484) (1990).

Judgment affirmed. *Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1992.

*Samuel W. Oates, Jr.*, for appellants.
*Kelly, Denney, Pease & Allison, Allen C. Levi, Bradford C. Dodds*, for appellee.