A92A0893. SOUTHERN GENERAL INSURANCE COMPANY v. AUTO TRANSFORMATION, INC.
(424 SE2d 883)

COOPER, Judge.

In June 1989, a car owned by Chandra Duplantis and insured by appellant was stolen and damaged. When the car was recovered, Duplantis contacted appellee to have the car towed to appellee's place of business for an estimate of the cost of repairs. Appellee towed the car, prepared an estimate and has since stored the car at its place of business. In August 1989, appellant elected to pay Duplantis $3,841, rep-

resenting the actual cash value of the car. On October 3, 1989, Duplantis transferred title to the car to appellant; and on October 9, 1989, appellee filed a mechanics' lien pursuant to OCGA § 40-3-54 against the car, asserting that the car was owned by Duplantis and that appellee was entitled to fees for towing, providing an estimate and storage from July 1, 1989. When appellee refused to relinquish the car to appellant, appellant filed a suit against appellee for conversion, seeking compensatory and punitive damages as well as attorney fees. Appellee filed a third-party action against Duplantis to foreclose the mechanics' lien and avoid the transfer of title to appellant. Appellant filed a motion for partial summary judgment on the issue of whether appellee could assert a mechanics' lien for towing, the estimate and storage charges. The trial court granted appellant's motion as to the storage charges. However, with respect to the towing and estimate charges, the trial court denied appellant's motion and entered summary judgment in favor of appellee. We granted appellant's discretionary appeal to consider whether a repair company can assert a lien under OCGA § 40-3-54 (a) for towing and estimate charges.

1. OCGA § 40-3-54 (a) provides in part that "[a]ll mechanics of every sort shall have a special lien on any vehicle . . . for work done, or for work done and materials furnished, or for materials furnished in repairing or servicing such vehicle." Appellant contends that a lien cannot be asserted pursuant to § 40-3-54 (a) because the car was never repaired or serviced by appellee.

It appears that the question of whether towing and estimate charges may be considered work done or materials furnished in "repairing or servicing" a vehicle is a question of first impression in this State. However, we note that several jurisdictions which have addressed whether towing charges are lienable items have not allowed a lien, recognizing that the common law lien for repairs was based on repairs which enhanced the value of the vehicle. See, e.g., *West Allis Industrial Loan Co. v. Stark*, 197 Wis. 363 (222 NW 310) (1928); *Orr v. Jackson Jitney Car Co.*, 115 Miss. 140 (75 S 945) (1917). We also note that in *Fox v. Smith*, 143 Ga. 547 (85 SE 856) (1915), the Supreme Court held that a repair shop which furnished material for the repair of an automobile was entitled to a lien of the property "*manufactured or improved.*" (Emphasis supplied.)

" 'Lien laws are to be strictly construed, and one who claims a lien must bring himself clearly within the law. [Cits.]' [Cits.]" *Wilkinson v. Townsend*, 96 Ga. App. 179, 181 (99 SE2d 539) (1957). Furthermore, "the law must by clear and explicit terms create the lien as it cannot exist by implication." Id. It is apparent that the towing of the car and preparation of an estimate were merely prerequisites to any repair or service of the car and did not enhance the value of the car. Therefore, following a strict construction of the statute, as we are re-

quired to do, we conclude that towing and estimate charges are not included within the meaning of "repairing or servicing" a vehicle and the trial court erred in ruling that appellee could assert a lien for those charges.

2. Because of our decision in Division 1, it is unnecessary to consider appellant's remaining enumerations of error concerning whether the notice of foreclosure was served on appellant and whether the foreclosure action was timely brought.

*Judgment reversed.* *Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 12, 1992.

*Wetzel & Carroll, Michael L. Wetzel*, for appellant.
*Shuster, King & King, Cary S. King*, for appellee.