## A92A2430. MAYS et al. v. LAMPKIN.
(429 SE2d 113)

JOHNSON, Judge.

Pierce Lampkin was involved in a traffic accident while driving a tractor-trailer. The sheriff's department contacted E. Harold Mays d/b/a Mays International Trucks to tow the tractor-trailer from the scene of the accident to Mays' storage facility. Approximately four days after the collision, Mays released the trailer to its owner, Jack Whitaker, after he paid the entire towing and storage charges of $1,631 for both the tractor and the trailer. Two days later, Lampkin went to Mays' storage facility to get his tractor. Mays refused to release the tractor to Lampkin because the sheriff's office had placed a "hold" on it, instructing Mays not to move the vehicle because it was evidence in a possible criminal case against Lampkin arising out of the accident. Approximately a month later, Lampkin made another unsuccessful attempt to retrieve his tractor from Mays. The State eventually brought criminal charges against Lampkin. These charges were resolved approximately four months after the accident. The hold was lifted and Lampkin attempted to retrieve his tractor four days later. Mays refused to release the tractor to Lampkin unless he paid almost $2,000 in storage fees which had accrued while the sheriff's hold on the vehicle was in effect. Lampkin filed a complaint against Mays and Robert Foster, a Mays employee, for conversion of his property. Mays filed a counterclaim, asserting that he is entitled to a lien on the truck as security for his storage charges. The jury returned a verdict in favor of Lampkin, finding that he is entitled to damages in the amount of $2,500 and attorney fees of $3,000 to be paid solely by Mays. The jury also found that Mays was not entitled to anything on his counterclaim. Mays and Foster appeal from the judgment entered on the jury's verdict and the denial of their motion for judgment n.o.v. or, in the alternative, for a new trial.

1. In their first enumeration, Mays and Foster contend that the court erred in denying their motions for a directed verdict and for judgment n.o.v. because Mays had a lien on Lampkin's tractor as an abandoned motor vehicle under OCGA § 40-11-4.[1] "Any person who removes or stores any motor vehicle which is or becomes an *abandoned motor vehicle* shall have a lien on such vehicle for the reasonable fees connected with such removal or storage. . . ." (Emphasis supplied.) OCGA § 40-11-4 (a). " 'Abandoned motor vehicle' means a motor vehicle or trailer: (A) Which has been left by the owner or some person acting for the owner with an automobile dealer, repair-

---

[1] Based on this court's recent decision in *Southern Gen. Ins. Co. v. Auto Transformation*, 206 Ga. App. 243 (424 SE2d 883) (1992), Mays clearly could not assert a mechanic's lien under OCGA § 40-3-54 (a) for towing and storage charges.

man, or wrecker service for repair or for some other reason and has not been called for by such owner or other person within a period of 30 days after the time agreed upon; or within 30 days after such vehicle is turned over to such dealer, repairman, or wrecker service when no time is agreed upon; or . . . (C) Which has been lawfully towed onto the property of another at the request of a law enforcement officer and left there for a period of not less than 30 days without anyone's having made claim thereto. . . ." OCGA § 40-11-1 (1).[2]

Here, Lampkin made repeated and timely claims to his vehicle. A week after his tractor was towed onto Mays' property, Lampkin made a claim for it. Foster told Lampkin he could not get the tractor until the sheriff's hold was lifted. Lampkin made another attempt to retrieve his tractor only a few weeks later and again he was refused possession. Several months later the hold was lifted. Four days later, Lampkin again tried to retrieve his tractor. The entire time the tractor was in storage, Mays knew that Lampkin was claiming his vehicle. Under these circumstances, Lampkin's tractor was not an "abandoned motor vehicle" within the meaning of OCGA § 40-11-4 (a). Mays' claim that he had a lien on the truck as an abandoned motor vehicle is wholly without merit. "A trial court's ruling on a motion for directed verdict or judgment notwithstanding the verdict shall not be disturbed if supported by 'any evidence.' Moreover, in the case of the latter motion, the evidence must be viewed in the light most supportive of the jury's verdict. [Cit.]" *Stolle Corp. v. McMahon*, 195 Ga. App. 270, 273 (3) (393 SE2d 52) (1990). The court's denials of the appellants' motions for directed verdict and for judgment n.o.v. shall not be disturbed.

2. The appellants contend that the court erred in denying their motions for a directed verdict and for judgment n.o.v. as to Lampkin's claim for attorney fees under OCGA § 13-6-11. That Code section "provides for an award of attorney fees against a defendant who has 1) acted in bad faith, 2) been stubbornly litigious, or 3) caused plaintiff unnecessary trouble and expense." *Spring Lake Property &c. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990). Mays and Foster contend that because there was bona fide controversy in this case, attorney fees under OCGA § 13-6-11 are not available. "The question of attorney fees under OCGA § 13-6-11 is a question for the jury. [Cit.] The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award. [Cit.]" *Spring Lake Property*, supra at 81. As discussed in Division 1 of this opinion, Mays' claim of a lien on Lampkin's tractor as an

---

[2] The other definitions of the term "abandoned motor vehicle" set forth in OCGA § 40-11-1 are inapplicable to the facts of this case.

abandoned vehicle is wholly without merit. This circumstance alone would support a claim of attorney fees. Under the facts of this case, there is evidence to support a finding by the jury that Mays acted in bad faith, was stubbornly litigious, or caused Lampkin unnecessary trouble and expense by refusing to release his tractor to him after the sheriff's hold was lifted. The court did not err in denying the appellants' motion for directed verdict and judgment n.o.v. on the issue of attorney fees.

3. In their third enumeration, Mays and Foster challenge the sufficiency of the evidence supporting the verdict. "On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it." (Citations and punctuation omitted.) *Pappas v. Southeast &c. Dev.*, 202 Ga. App. 627, 628 (3) (415 SE2d 190) (1992). Having reviewed the entire record most strongly to support the jury's verdict, we find that there is evidence to support it. The verdict cannot be disturbed.

4. In their fourth enumeration, the appellants contend that the court erred in allowing Lampkin to testify as to his opinion about the value of his tractor because his opinion was based in part on hearsay. This enumeration is without merit because such testimony is admissible. *Four Oaks Properties v. Carusi*, 156 Ga. App. 422, 423-424 (3) (274 SE2d 783) (1980).

5. Mays and Foster assert that the court erred in refusing to allow a police officer to testify that Lampkin's tractor posed a threat to public safety at the scene of the accident and in refusing to admit into evidence a copy of the criminal charges brought against Lampkin. Mays and Foster claim that both the officer's testimony and the copy of the charges were relevant to show that the sheriff's department needed to have the vehicle towed from the scene of the accident and placed in storage until the charges against Lampkin were resolved. These facts, however, were not in dispute; Lampkin stipulated that the vehicle needed to be towed and stored. "(T)he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citations and punctuation omitted.) *Holden v. State*, 202 Ga. App. 558, 562 (3) (414 SE2d 910) (1992). In light of the fact that there was no dispute that the sheriff's department needed to have Lampkin's tractor towed and stored, the court did not clearly abuse its discretion in excluding the officer's testimony and the copy of the criminal charges from evidence.

6. Mays and Foster contend that the court erred in giving Lampkin's second requested charge concerning his possible right of recovery under the evidence. Mays and Foster rely on the same argu-

ment they assert in support of their first enumeration of error. Because of our decision in Division 1 of this opinion, the appellants' contention as to the court's charge is without merit.

7. The appellants assert that the court erred in charging the jury on the issue of attorney fees. As we noted in Division 2 of this opinion, there is evidence on the issue of attorney fees. "Where there is evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Citations and punctuation omitted.) *Lingo v. Brasington*, 202 Ga. App. 813, 814 (415 SE2d 534) (1992).

8. In their final enumeration, Mays and Foster claim that the court erred in denying their motion to strike the award of attorney fees. The jury's verdict and the court's judgment specified that the attorney fees were to be assessed only against Mays. The appellants argue that this assessment of attorney fees was improper because Mays could only be held vicariously liable as Foster's employer. Thus, they conclude, if no attorney fees were assessed against Foster, none could be assessed against Mays. The appellants' argument, however, is faulty because Mays was not merely vicariously liable. Lampkin alleged and presented evidence showing that Mays and Foster were jointly responsible for depriving him of his tractor. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 1, 1993 —
RECONSIDERATION DENIED MARCH 11, 1993 —

*Jay M. Sawilowsky*, for appellants.
*Kenneth R. Chance*, for appellee.