### A96A0509. STRICKLAND et al. v. VAUGHN.
(472 SE2d 159)

SMITH, Judge.

Appellants Dexter and Vanessa Strickland brought this wrongful death action against Bobby Howard Wilson, Joel Gaines, a City of Hartwell police officer, and Kenneth Vaughn, the Sheriff of Hart County.[1] On April 7, 1989, the Stricklands' child was killed in a collision between the car in which he was riding and a car owned and driven by Wilson. Wilson was driving without a license, without insurance, and while under the influence of alcohol.

Approximately six months earlier, on October 3, 1988, Wilson had been arrested and charged with habitual violator and driving under the influence, and his car had been impounded by the Hart County Sheriff's Department. In January 1989, Wilson approached Gaines, a longtime acquaintance, and asked if he would store the vehicle while Wilson was in jail so that Wilson could avoid the storage charges in the impoundment yard. Gaines agreed and asked Vaughn to release the vehicle to him. On or about January 20, 1989, Vaughn released the vehicle to Gaines, who took it to his home. Gaines believed the car to be inoperable because its battery was dead.

On March 11, 1989, after his release from jail, Wilson approached Gaines and asked for his vehicle back. Gaines told him that since he had no driver's license or insurance, he should have a relative remove the car. Wilson told Gaines he would have the car towed to his home, but he removed the car himself while the Gaineses were away from home, and he was driving it 27 days later when he collided with the Stricklands' vehicle.

Mr. and Mrs. Strickland brought this wrongful death action against Wilson, Gaines, and Vaughn, contending it was foreseeable

---

[1] This is the second appearance of this litigation before this Court. See *Strickland v. Wilson,* 205 Ga. App. 91 (421 SE2d 94) (1992) (addressing issue of ante litem notice).

that when Vaughn released the vehicle to Gaines, Wilson would obtain the vehicle, drive it while intoxicated, and cause a collision. Gaines moved for and was granted summary judgment on the basis of absence of proximate cause and presence of an intervening cause. The Stricklands' application for appeal of this judgment was dismissed for lack of jurisdiction. Vaughn then moved for and was granted summary judgment on the same basis, and this appeal followed.

"A cause of action for negligence requires (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." (Citations and punctuation omitted.) *Dupree v. Keller Indus.*, 199 Ga. App. 138, 141 (1) (404 SE2d 291) (1991). We do not reach the issue of proximate cause because the Stricklands have shown no duty on the part of Vaughn to refuse to release Wilson's car from impoundment. "One of the problems arising out of the question of duty is the parties' status and their relation to each other. Does the defendant owe the duty to this plaintiff? If a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence. What duty a defendant owed a plaintiff is a policy problem — a matter of law." (Citations and punctuation omitted.) Id.

It is undisputed that the car was Wilson's property. "The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." OCGA § 51-10-1. "This statute embodies the common law action of trover and conversion. [Cits.] It authorizes the recovery of damages where a government official, without lawful authority, has temporarily deprived an individual of his or her property. [Cits.]" *Grant v. Newsome*, 201 Ga. App. 710 (1) (411 SE2d 796) (1991). Vaughn's authority to deprive Wilson of his property, therefore, must be provided by statute in derogation of the common law giving Wilson the right to possession.

A number of interrelated statutes provide for the removal or impoundment of motor vehicles. See, e.g., OCGA § 40-6-206 (police officers authorized to remove unattended, stolen, uninsured, or otherwise hazardous vehicles), OCGA § 40-11-3 (peace officers authorized to remove abandoned vehicles), OCGA § 25-3-2 (fire department authorized to remove vehicles obstructing access). All serve a similar purpose: the removal of an immediate danger from the roadways of the state. Motor vehicles that pose a traffic hazard or are unattended *may* be (but are not *required* to be) removed by law enforcement officials. The statutes focus on the ability of the car's

owner or driver to remove the hazard from the roadway: a police officer is authorized to remove a vehicle, for example, if "[t]he person or persons in charge of such vehicle are unable to provide for its custody or removal," or "the person driving or in control of such vehicle is arrested," or the vehicle is stolen or abandoned, and hence not under the control of its owner. See OCGA §§ 40-6-206 (c) (1)-(5); 40-11-3 (a).

Similarly, in the context of search and seizure law, impoundment has been held unnecessary "[w]hen the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed." (Citation and punctuation omitted.) *Reed v. State*, 195 Ga. App. 821, 822 (395 SE2d 294) (1990). See also *Strobhert v. State*, 165 Ga. App. 515, 516 (301 SE2d 681) (1983). Impoundment, then, is not required even at the time of the offense if the vehicle will not constitute an immediate danger on the roads of the state. The record reflects no evidence that Gaines was unreliable, unauthorized or incapable of removing Wilson's vehicle, or that the vehicle was incapable of being safely removed.

The Stricklands contend that if law enforcement officers are initially *authorized* to remove or impound a vehicle, they have a *duty* to retain possession indefinitely. This contention is not supported by the law. The statutes require only the vehicle's removal to a "garage or other place of safety," OCGA §§ 40-6-206 (c) and 40-11-3 (a), not necessarily into the custody of the authorities, and "the law is blank as to its ultimate disposition." *Wilkinson v. Townsend*, 96 Ga. App. 179, 181 (99 SE2d 539) (1957) (decided under former Ga. Code Ann. § 68-1669 (b)). Therefore, "detention of the property by the garage against the demands of the owner amounts to a conversion." Id. There was no showing that Wilson's vehicle was being "held" by the sheriff as evidence in a criminal investigation, as in *Mays v. Lampkin*, 207 Ga. App. 739 (429 SE2d 113) (1993). Moreover, this Court in *Lampkin* recognized the obligation of the garage owner to return the vehicle as soon as the "hold" for evidentiary purposes was released. Id. at 740 (1). Finally, the Stricklands fail to recognize that the language of these statutes is permissive or discretionary, not mandatory.

No legal authority, and certainly no mandate, existed at the time of these events for the sheriff to withhold possession of Wilson's vehicle *indefinitely*. At the time, the only authority in the motor vehicle code for the permanent withholding of a vehicle was the forfeiture statute for vehicles with altered or removed vehicle identification numbers. OCGA § 40-11-20.[2] The Stricklands acknowledge that

---

[2] Similar forfeiture statutes exist in other contexts, e.g., OCGA § 16-13-49 (drug forfeitures). See also OCGA § 16-16-2, enacted in 1995, allowing (but not requiring) the forfeiture of motor vehicles used to facilitate burglary or armed robbery.

OCGA § 40-6-391.2, providing a legal procedure for the seizure and forfeiture of the vehicle of a habitual violator, was not enacted until *after* the events giving rise to this action. Their insistence that Vaughn should nevertheless be held to the requirements of the statute is without merit; in effect, they argue that Vaughn had a duty to retain indefinitely the property of another without statutory authority to do so. This position is without support in Georgia law. See generally *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (1) (367 SE2d 551) (1988), overruled in part on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, n. 8 (376 SE2d 861) (1989) (no mandatory duty or even authority to make arrest of intoxicated person occupying parked automobile in order to protect him from later, self-inflicted harm).

Other than reliance on these statutes, the Stricklands have presented no evidence of a duty on the part of Vaughn to retain Wilson's vehicle. In a single affidavit presented in opposition to both motions for summary judgment, a former law enforcement officer gave his opinion that a release of a vehicle to an owner with "deviant driving patterns" should involve "extra precautions to insure the vehicle does not easily fall into the control of the owner by a reasonable vigil of the vehicle, secured in a place that the owner could not get it, or only with great difficulty." The affidavit, however, does not specify what those precautions should be, the statute, regulation, or other authority on which they are based, or the length of time for which such a vehicle should or could be held. Furthermore, we are considering the propriety of *Vaughn's* release of the vehicle to Gaines, not *Gaines'* subsequent actions, and it appears that Vaughn's release of the vehicle to a law enforcement officer for storage while the owner was *in jail* satisfies the standard proposed by the Stricklands' witness.

The Stricklands allege that Vaughn should have known that Wilson would improperly obtain his car from Gaines and then drive it while intoxicated. But in opposing summary judgment, they cannot stand on their pleadings; they have the burden of producing evidence to support their allegations and create a genuine issue of material fact. *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47) (1991). The only evidence on the record shows that Vaughn released the vehicle to Gaines, a City of Hartwell police officer who was authorized by Wilson to remove the vehicle for storage at another location. Despite the Stricklands' unsupported assertions of collusion between Gaines and Wilson, there is no evidence that any wrongful intent existed on Gaines' part at the time *Vaughn* released the vehicle or that *Vaughn* knew of any intention on the part of Gaines to allow Wilson to obtain the car.

In sum, the Stricklands have demonstrated no duty, statutory or

otherwise, on the part of Vaughn to retain possession of Wilson's impounded vehicle indefinitely. In the absence of a mandatory statutory provision for condemnation and forfeiture, Vaughn breached no duty in releasing Wilson's vehicle to Gaines. A grant of summary judgment must be affirmed if it is right for any reason, *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993), and consequently we affirm the trial court's grant of summary judgment to Vaughn.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 4, 1996.

*Moffett & Henderson, John W. Henderson, Jr., Wheeler & Watson, David K. Wheeler, James A. Watson*, for appellants.

*McClure, Ramsay & Dickerson, John A. Dickerson, Walter J. Gordon, Joanna B. Hannah, Joe B. Sartain, Jr.*, for appellee.